## HOFFMAN ET AL. *v.* McCLELLAND, JR., ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TEXAS, TRANSFERRED
FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH
CIRCUIT.

No. 190.   Argued January 23, 1924.—Decided April 21, 1924.

1. A decree of the District Court refusing leave to file a bill of
   intervention upon the theory that there is no basis on which the
   court, as a federal tribunal, could adjudicate the matter presented
   by it, rests on a jurisdictional ground and is appealable directly to
   this Court under Jud. Code, § 238.   P. 557.
2. Where, in the progress of a suit in a federal court, property has
   been drawn into the court's custody and control, third persons
   claiming interests in or liens on the property may be permitted
   to come into that court for the purpose of setting up, protecting
   and enforcing their claims, although the court could not consider
   their claims if it had not impounded the property.   P. 558.
3. But this rule does not apply, where the court has not impounded
   the property in question but has merely adjudicated a controversy
   concerning it and retained jurisdiction of the suit to insure obedi-
   ence to its decree.   P. 559.

Affirmed.

APPEAL from a decree of the District Court refusing
leave to file a petition of intervention, for want of juris-
diction.   The appeal was first taken to the Circuit Court
of Appeals and was transferred to this Court under Jud.
Code, § 238a.   See the opinion of the Circuit Court of
Appeals, reported in 284 Fed. 837.

*Mr. Tom Connally,* with whom *Mr. D. A. Kelley, Mr.
Robert H. Rogers* and *Mr. M. C. H. Park* were on the
brief, for appellants.

Admitting that our bill of intervention is not ancillary,
that no federal question is involved, and that there is no
diversity of citizenship, we still contend that the court
below had, and has, jurisdiction.

When this case was first instituted by Peter McClelland, Jr., against John K. Rose, trustee, the federal court found the property in question in the possession of the trustee, Rose, who had been appointed and bonded by a state court of competent jurisdiction, and in the execution of a trust which the federal court found to be valid; and, having determined that the plaintiff is the sole owner of the property, but not entitled to the possession thereof during the continuance of the trust, the court was without power or authority to dispossess the trustee. But inasmuch as the state courts held, and were holding, that the legal title was vested in the trustee, that the plaintiff was excluded by his father's will " from ever taking," which holdings by the state courts are repeated and emphasized in the opinion of the case of *Lindsey* v. *Rose,* 175 S. W. 832, it became necessary for the federal court to assume such authority and control over the trustee and his disposition of the property after the termination of the trust as will enable the federal court to see that those who, according to its holding, will take at plaintiff's death, receive the same without having to litigate the ownership with those whom the state courts hold entitled. This the federal court has done, and so effectually done that Rose, the trustee, will have to deliver the property, at the termination of the trust, to the heirs, devisees, legatees, or vendees of plaintiff, according to the holding and orders of the federal court, before he can go into the state court which appointed him and ask for a discharge of himself and his bondsmen. This is as complete and as comprehensive an impounding as the federal court could make. And to hold that after such impounding the federal court cannot protect a creditor of plaintiff, who has a lien on a part of the impounded property and who is without remedy in any other court, is to take issue with the federal decisions. *Compton* v. *Jesup,* 68 Fed. 279; *Gumbel* v. *Pitkin,* 124 U. S. 131.

The court below dismissed our bill, because (as the record shows) the court did not think our bill showed jurisdiction. But it was our allegation of impounding that the court was passing upon, not the fact of impounding, which may be shown by other evidence than that contained in the small part of the record before this Court. We, however, contend that even the record before this Court abundantly shows an impounding.

While the court has no authority to destroy the trust in Rose, it has the authority to recognize, and has recognized, the right of plaintiff, to sell subject to that trust, and it should and must recognize the right of his creditors to sell in like manner, subject to the trust and without disturbing the possession of the trustee during the continuance of the trust. And holding, as it does, that plaintiff is the sole and only beneficiary of the trust, it has assumed the jurisdiction and power to protect his devisees and heirs, as well as his vendees, against the collateral heirs of his father by controlling the disposition of the property to be made by the trustee after the termination of the trust. It has even gone further and ordered and decreed that "no portion of the *corpus* of the said estate shall be delivered to, or be surrendered over during the lifetime of the plaintiff to the said plaintiff, or his vendees, except upon the further order of this court."

These orders and decrees, if they mean anything, mean that the court has assumed control of the trustee and of the estate he holds in trust, both during and after the termination of the trust.

*Mr. Joseph Manson McCormick,* with whom *Mr. Marshall Surratt* and *Mr. Francis Marion Etheridge* were on the brief, for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is an appeal from a decree of the District Court for the Western District of Texas refusing leave to file a bill proffered as a petition of intervention in a designated suit in that court. The appeal was taken to the Circuit Court of Appeals and was by that court transferred here according to § 238a of the Judicial Code, c. 305, 42 Stat. 837, on the ground that it should have been taken directly to this Court under § 238. 284 Fed. 837.

The suit in which intervention was sought already had been prosecuted to a final decree; but the decree contained a provision whereby jurisdiction was retained for limited purposes, one of which will be hereinafter shown. The suit arose out of conflicting claims asserted under the will of Peter McClelland, Sr., a resident of McLennan County, in the Western District of Texas, who died in 1886 seized of valuable real property in that county. The will put the property in a so-called spendthrift trust of which Peter McClelland, Jr., the testator's son and only child, was the beneficiary. Through an order of the state court in McLennan County, John K. Rose, a citizen of Texas, became the substituted trustee under the will, and as such was holding the property and administering the trust when the suit was begun. The son, who was a citizen of California, was the plaintiff, and the substituted trustee and the testator's collateral kin were the defendants. Diverse citizenship was the sole basis of the District Court's jurisdiction. The object of the suit was to obtain a construction of the will, to have that construction made binding on the trustee, and to establish the son's ownership, subject to the trust, of all the property as against the collateral kin. The proceedings and the decree are shown in *McClelland* v. *Rose*, 208 Fed. 503; 222 Fed. 67; and 247 Fed. 721; and *Rose* v. *McClelland*, 241 U. S. 668. The decree determined that the trust was to con-

tinue for the natural life of the son; that the trustee was to hold the property, collect the rents and make discretionary advances to the son during that period, and that the son was the true and sole owner, subject to the trust, of all the property. One paragraph of the decree read as follows:

"It is further ordered, adjudged and decreed by the court, that the said John K. Rose, as substitute trustee aforesaid, may, without further order of this court, make from time to time such advances to said plaintiff, Peter McClelland, Jr., not to exceed the net rent revenues and income from the said estate, as he may think right and proper; but no portion of the corpus of the said estate shall be delivered to, or be surrendered over during the lifetime of the plaintiff to the said plaintiff, or his vendees, except upon the further order of this court; and this court hereby retains jurisdiction of this cause to the end that it may, from time to time as occasion may require, exercise its power of direction and control over said trustee in this respect."

The persons who sought to intervene were creditors of the son, and were citizens of Texas. They had brought an action on their claim in the state court for McLennan County, had caused a writ of attachment to be issued in that action and levied on part of the real property in the possession of the trustee, and had prosecuted the action to a judgment directing that the son's interest in the attached property be sold to satisfy their claim. The son had not been served with process in that action, nor had he appeared therein; so the judgment had no force save such as may have arisen from the attachment. Afterwards, in a suit by the trustee against the attaching creditors and the sheriff, the same state court granted a permanent injunction against a sale under the judgment,—the grounds assigned for granting the injunction being that the son's interest in the property could not be

sold to pay his debts while he was living, and that the trustee was entitled to prevent such a sale in the son's lifetime, even though there was no purpose to disturb the trustee's possession or the administration of the trust. On an appeal to the Court of Civil Appeals that decision was affirmed, *Hoffman* v. *Rose,* 217 S. W. 424, and an application for a further review was denied by the Supreme Court of the State.

It was after these proceedings that the creditors sought to intervene in the suit in the District Court. They set forth in their proffered bill all that was done in the state court, including the attachment and judgment and the subsequent injunction, and also alleged that by the attachment and judgment they had acquired a lien on the attached property which was in no way avoided or affected by the injunction; that by the prior proceedings in the District Court the property had been drawn into that court's custody and control and thereby effectually impounded; that they had no means of enforcing their lien during the life of the son, save through the interposition and aid of the District Court; that the lien probably would be lost unless that court recognized and protected it, and that to postpone its enforcement until after the death of the son would not be equitable. The relief prayed was that the lien be recognized and protected and the remainder interest of the son in the attached property be ordered sold under the lien to satisfy their claim.

In refusing leave to file the bill the District Court put its decision on the ground that it was without jurisdiction to entertain the bill in that (a) the bill was not ancillary or dependent in the sense that it could be entertained in virtue of the jurisdiction acquired in the earlier suit, and (b) the citizenship of the parties and the nature of the matter presented were not such that the bill could be dealt with as an original and independent bill.

As leave to file the bill was not refused as a matter of discretion but on the theory that there was no basis on

which the court, as a federal tribunal, could proceed to an adjudication of the matter presented, it is apparent that the petitioning creditors were shut out on a jurisdictional ground in the sense of §238 of the Judicial Code, and so were entitled to bring that ruling here for review by a direct appeal.

The record makes it plain and counsel agree that there was an absence of jurisdictional requisites for dealing with the bill as an original and independent bill; so we come at once to the question whether it could be entertained as an ancillary or dependent bill.

It is settled that where in the progress of a suit in a federal court property has been drawn into the court's custody and control, third persons claiming interests in or liens upon the property may be permitted to come into that court for the purpose of setting up, protecting and enforcing their claims,—although the court could not consider or adjudicate their claims if it had not impounded the property. Power to deal with such claims is incident to the jurisdiction acquired in the suit wherein the impounding occurs, and may be invoked by a petition to intervene *pro interesse suo* or by a dependent bill. But in either case the proceeding is purely ancillary. *Oklahoma* v. *Texas,* 258 U. S. 574, 581; *Minnesota Co.* v. *St. Paul Co.,* 2 Wall. 609, 632; *Krippendorf* v. *Hyde,* 110 U. S. 276, 281; *Compton* v. *Jesup,* 68 Fed. 263, 279; *Sioux City Co.* v. *Trust Co.,* 82 Fed. 124, 128; *Minot* v. *Mastin,* 95 Fed. 734, 739; Street Fed. Eq. Pr. §§ 1229, 1245–1247, 1364.

The proffered bill shows that it was drafted to obtain the benefit of that rule, and, if its allegations were all that could be considered, there might be good ground for thinking it could be entertained in virtue of the jurisdiction acquired in the earlier suit. But the bill did not rightly state the nature and effect of the proceedings in that suit; and of course the District Court could not accept a mistaken description or characterization of them,

but was required to give effect to what its own records disclosed. The pleadings, orders and decree in that suit, which were before the court at the time, are set forth in the present record, and they show that the property was not impounded in that suit. The trustee, who was holding the property and administering the trust, was not an appointee of the District Court but of the state court of McLennan County. The District Court had not taken over the administration of the trust, nor had it otherwise drawn unto itself the custody and control of the property. It had determined a controversy between the son on the one hand and the trustee and the collateral kin on the other respecting the nature and duration of the trust; had adjudged that, subject to the trust, the son was the true and sole owner of the property and that the collateral kin had no interest therein; had prohibited the trustee from delivering or surrendering any part of the corpus of the estate to the son, or his vendees, during his lifetime, except on its order; and had retained jurisdiction of the suit to the end that it might compel full adherence to that prohibition. But it did not acquire or assume any other power of direction or control over the property, nor did it withdraw the son's remainder interest in the property from the reach of process issuing from other courts. The petitioning creditors evidently proceeded on this view throughout the proceedings in the state court, for they not only caused a part of the property to be attached under process issued from that court but sought to have the son's remainder interest in it sold under such process without asking the leave of the District Court. True, the sale was prevented by an injunction, but that was because the state court which granted the injunction was of opinion that under the provisions of the will such a sale during the son's life would be inadmissible and ineffectual, and not because it regarded the property as impounded by the proceedings in the District Court. Only after they had

met with that decision in the state court did the creditors conclude to resort to the District Court. Even if that decision was wrong, as they seem to think, it did not change or affect the situation in the District Court.

In our opinion the bill could not be entertained as an ancillary or dependent bill.

*Judgment affirmed.*