**In re 1030 NORTH DEARBORN BLDG. CORPORATION.**

**No. 2439–D.**

District Court, E. D. Illinois.

Feb. 25, 1935.

See, also, 7 F. Supp. 896.

Michael Gesas, of Chicago, Ill., for trustee.

Chas. B. Haffenberg, of Chicago, Ill., for M. Stein Hotel Co.

LINDLEY, District Judge.

The trustee appointed herein, in pursuance of the provisions of section 77B of the Bankruptcy Act (11 USCA § 207), has filed a petition praying that the court may order all parties to surrender to him possession of the real estate located at 1030 North Dearborn street, Chicago, Ill., improved with a 15-story building, containing 215 apartments, and constituting an apartment hotel. Respondent M. Stein Hotel Company has filed an answer claiming to be the owner of the property, and denying the court's jurisdiction to enter an order against it awarding possession of the property to the trustee.

It appears from the evidence that the 1030 North Dearborn Building Corporation was organized under the laws of Illinois in 1928 by Max Stein, Louis Hirsch, and H. Brown. The latter is housekeeper in the hotel, and Louis Hirsch is an employee of the Hub Clothing Store. These parties at all times constituted the board of directors and officers. Max Stein has been at all times the president. The corporation was authorized to issue 1,000 shares of capital stock of no par value, and there were issued to Max Stein 998 shares, to Louis Hirsch, 1 share, and to H. Brown 1 share, which were paid for by conveyance to the corporation by Max Stein of the real estate at 1030 North Dearborn street, at the value, as he says, of $74,000, and by making payment of $26,000 for corporate purposes. In other words, the incorporators claim to have paid $100,000 in this manner in satisfaction of the purchase price of the entire capital

stock. Subsequently the corporation built the hotel and borrowed $645,000 upon trust deed to the Chicago Title & Trust Company as trustee. Stein testified that the total investment is approximately $1,000,000.

On December 16, 1930, the Chicago Title & Trust Company filed foreclosure proceedings upon said trust deed against the 1030 North Dearborn Corporation in the superior court of Cook county. It was appointed receiver, and, as such, took possession and operated the property for some time.

January 2, 1931, another mortgage was made upon the property to secure $40,000 to Brown, one of the officers, directors, and stockholders as aforesaid. Stein testified that the purpose of said mortgage was to secure $40,000 for additional funds, but that the only money collected was $4,000 furnished by Brown to attorneys for fees. On April 6, 1931, the debtor corporation filed a petition in the foreclosure proceedings, signed and sworn to by Stein, praying that the receiver be removed and that the 1030 North Dearborn Corporation be permitted to take possession of the property upon giving bond as provided by section 55, c. 22, Smith-Hurd Ann. St. Ill. (paragraph 56 of chapter 22 of Cahill's Revised Statutes of the State of Illinois 1933). It alleged that it was the owner of the hotel property. The receiver answered praying strict proof. The petition and answer were referred to Master Pollock, who, on May 4, 1931, filed his report finding that the 1030 North Dearborn Corporation was the owner of the property; that it was attempting to rehabilitate the financing and management of the hotel through its own officers and employees; that it should be put in possession as prayed; and that it should make monthly reports and accounts of its operations to the trustee for the benefit of the bondholders. Counsel appearing now for M. Stein Hotel Company appeared then for the 1030 North Dearborn Corporation, and told the master that he was asking that the latter corporation be put into possession of the property instead of its receiver; that it was an operating, functioning, going concern, and that it was believed that there was a substantial equity in the property over and above the indebtedness; that, if operated by the said corporation's officers and employees, the interest of the bondholders, creditors, and stockholders would be best served; that if the corporation were allowed to take possession, it could pay in full its indebtedness; and that it was the purpose of the corporation

to retain title for the benefit of the bondholders, creditors, and stockholders.

On May 6, 1931, the superior court of Cook county, Ill., approved the report of the master and entered an order in accordance with the recommendations thereof. The 1030 North Dearborn Corporation thereupon filed a bond, which was approved by the court, and went into the possession of the property. From that date monthly statements have been rendered to the trustee by the 1030 North Dearborn Corporation.

On August 24, 1932, upon insolvency of the original surety, the 1030 North Dearborn Corporation, by M. Stein, its president, filed a new bond. The reports and accounts furnished by the corporation show that the indebtedness was all created by the 1030 North Dearborn Corporation, and that no indebtedness with respect to this building was ever incurred by any other party.

■ It is an established fact, therefore, that under the order of the superior court of Cook county, the 1030 North Dearborn Corporation is now and has been at all times the only party authorized by the court having jurisdiction of the parties and of the subject-matter, prior to the institution of these proceedings, to go into and hold possession of the property; that it has managed and operated the hotel and accounted to the trustee for the proceeds.

It follows that upon the filing of the petition under 77B and the approval thereof, and the appointment of the trustee who has duly qualified, the rights of the trustee, vesting in him as of the date of filing the petition, are the same as if an adjudication in bankruptcy had been had, and in addition certain other rights created by section 77B of the act. In other words, the trustee succeeds to all the rights, title, and interest of the debtor, and since it appears, indisputably, that the debtor is in possession of this hotel and its equipment, under order of the state court, by virtue of the proceedings in this court the trustee has become subrogated to and entitled to succeed to all rights of possession now being exercised by the debtor. No change in possession subsequent to the filing of this proceeding is material now, for such, occurring pending this suit, is subject to the trustee's rights.

But the M. Stein Hotel Company has answered that it has a deed for said premises, and that this court may not, therefore, order possession delivered to the trustee. The M. Stein Hotel Company was incorporated Feb-

ruary 16, 1931, with an authorized capital stock of $2,000, constituting 10 shares of $100 each, which were issued to Stein, 8 shares, to Hirsch, 1 share, and to Brown, 1 share. On February 16, 1931, there was filed of record a quitclaim deed from 1030 North Dearborn Corporation to the M. Stein Hotel Company. Stein testified that Brown paid him $100; that Hirsch paid him $100 and that he paid over to himself as president of the M. Stein Hotel Company $800, and that he then in turn paid to himself as president of 1030 North Dearborn Corporation the $1,000 as full consideration for the property. He testified further that the property at that time had an equity of the value of $188,000.

There is no evidence that the Stein Hotel Company ever went into possession of the property. On the contrary, as aforesaid, it is undisputed that the 1030 North Dearborn Corporation has been in possession of the property under court order. It has been pointed out that the trustee has succeeded to the rights of all the latter corporation. Consequently it has succeeded to the right of possession of said property. The Stein Hotel Company has no right to possession of the property, in the face of the order of the superior court of Cook county, other than and except as an agent of the debtor corporation or as may be ordered by this court upon application. Consequently, there can be no question of adverse possession of the property. The debtor has possession and must surrender to the trustee, and that possession, in so far as held by any of the officers of the debtor corporation, must not be interfered with, but must be surrendered.

■ It is unnecessary for the court to decide at this time whether the Stein Hotel Company has valid legal title to the premises. The court may, as the authorities generally indicate, determine whether a claim of adverse title is made in good faith or is merely colorable and the facts here may be sufficient to support a finding that the claim made by the Stein Hotel Company is a mere colorable one. However, as has been stated, that question it is not now necessary to decide. The only question is as to the trustee's right to succeed the debtor in possession of the property. When he shall have procured such possession it will be his duty to proceed as provided in section 77B.

■ If the Stein Hotel Company or any other stranger claims title to property found in possession of the bankrupt, to which possession the trustee succeeds, its remedy is to file proper application in this court for the surrender of the property by the trustee. The institution of the proceedings, followed by the orders that have been entered, draw to the court complete jurisdiction of the res in possession of the bankrupt, with complete and exclusive power and authority to determine whether or not any other person or party has any right, interest, title, or equity in and to the same. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Taubel, etc. Co. et al. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Isaacs v. Hobbs, etc., Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; Taylor v. Sternberg, 55 S. Ct. 260, 79 L. Ed. ——; Hoffman v. McClelland, 264 U. S. 552, 44 S. Ct. 407, 68 L. Ed. 845. Consequently, if no claimants appear in court voluntarily, the trustee shall in due course file his petition herein asking for a summary order upon any and all parties claiming to have any interest in the property to show cause why the same should not be determined and liquidated and his title to the property cleared.

Accordingly, there will be an order in proper form directing any and all persons to whom notice shall come to deliver possession of any and all parts of said property to the trustee.