## In re HOTEL MARTIN CO. OF UTICA.

## FIRST CITIZENS BANK & TRUST CO. OF UTICA v. MARTIN et al.

### No. 261.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Miller, Hubbell & Evans, of Utica, N. Y., for appellant.

August Merrill and S. Sheldon Judson, both of Utica, N. Y., for appellee Wm. M. Martin, as trustee, etc.

Rudd, Griffin & Penberthy, of Utica, N. Y., for Hotel Martin Co., debtor.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The question for consideration is whether a bank may set off debts owed to it by a corporation against a deposit made by the debtor after the filing but before the approval of a petition for reorganization under section 77B of the Bankruptcy Act (June 7, 1934, c. 424, § 1, 48 Stat. 912, as amended Aug. 20, 1935, c. 577, 49 Stat. 664, Aug. 29, 1935, 49 Stat. 965, 11 U.S. C.A. § 207).

The appellant owned $276,000 of the debtor's second mortgage bonds and held its notes for $81,900. By reason of a prior agreement it was represented on the debtor's board of directors. On June 6, 1935, other creditors filed an involuntary petition for the reorganization of the debtor. This became known to the bank on that date. June 15th the debtor's board of directors resolved to consent to the petition, and it was approved June 19th, placing the debtor in reorganization under section 77B. On June 6th, the debtor had $9,799.02 on deposit with the appellant in its checking account. Before June 19th, this was increased to $27,898.81 total deposits. Withdrawals during the period had been $9,823.99, leaving a balance of $18,074.82 to the debtor's credit when the petition for reorganization was approved. At that time the bank held promissory notes of the debtor to the amounts of $40,000 due June 8th and $41,900 due July 6th. On June 20th, the bank set off the obligations of these notes against the debtor's deposit account and dishonored checks drawn against it.

Thereafter, upon the application of the trustee, William M. Martin, the court made an order directing the bank to pay the

232

sum of the deposit account to the trustee.

Applying the "first in, first out" rule (National Park Bank v. Seaboard Bank, 114 N.Y. 28, 20 N.E. 632, 11 Am.St.Rep. 612; 48 C.J. p. 659, § 111), it is apparent that all the money in the account at June 20th was deposited after the filing of the petition. In situations exactly similar, except that the petition was filed in bankruptcy, banks have been summarily ordered to turn the money over to the bankrupt's estate. Reed v. Barnett Nat. Bank, 250 F. 983 (C.C.A.5); Toof v. City Nat. Bank of Paducah, 206 F. 250 (C.C.A.6); In re Michaelis & Lindeman, 196 F. 718 (D.C. S.D.N.Y.). This is so because, upon the appointment of a trustee in bankruptcy, his title is fixed, by relation, as of the time of filing of the petition and not merely as of the date of adjudication. See Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208; Gross v. Irving Trust Co., 289 U.S. 342, 344, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Straton v. New, 283 U.S. 318, 321, 51 S.Ct. 465, 75 L.Ed. 1060; Isaacs v. Hobbs Tie & T. Co., 283 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645; May v. Henderson, 268 U.S. 111, 117, 45 S.Ct. 456, 69 L.Ed. 870.

Section 77B (o), 11 U.S.C.A. § 207 (o) provides: "In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

We do not think this means that the debtor's estate is given no more protection than if a petition in bankruptcy had been filed on the date of the approval of the reorganization petition. Section 77B (k), 11 U.S.C.A. § 207 (k), provides that the provisions of the Bankruptcy Act, except such as are inconsistent with the provisions of section 77B shall apply to proceedings under that section and "the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequences and effect as an order of adjudication." One of the consequences of an order of adjudication is to give the trustee title as of the filing date. This same consequence should inhere in an order approving a reorganization petition. Otherwise the debtor's assets would be open to attack after the petition was filed and the purpose of section 77B, rehabilitation rather than unnecessary liquidation, would be defeated.

Furthermore, section 77B (a), 11 U.S.C.A. § 207 (a), provides: "If the petition or answer is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature."

Proceedings under this section are pending from the date of filing the petition. Without power to protect the debtor's estate until approval of a petition filed, the reorganization court would be less effective to a serious degree than a court appointing a receiver. Though 77B (i), 11 U.S.C.A. § 207 (i), provides that property already in the hands of a trustee or receiver appointed in a different suit shall not be turned over to the debtor or trustee appointed in the reorganization proceedings until the reorganization petition has been approved, the reorganization court, by section 77B (c) (10), 11 U.S.C.A. § 207 (c) (10), and 11 U.S.C.A. § 29, is given power to stay suits from the time of filing the petition. The power to enjoin transfers by the debtor has been exercised before approval of the petition, where it appeared necessary to the fulfillment of the purpose of section 77B. In re Associated Gas & Electric Co., 11 F.Supp. 359 (D.C.S.D.N.Y.).

In Re 1030 North Dearborn Bldg. Corp., 9 F.Supp. 972, 973 (D.C.E.D.Ill.), the court indicated that, upon approval, the rights of a reorganization trustee vested in him as of the date of filing the petition, the same as if an adjudication in bankruptcy had been had. Although section 77 (l), 11 U.S.C.A. § 205 (l), differs from section 77B (o), 11 U.S.C.A. § 207 (o), in

referring to the time of "filing" rather than the date of "approval," there appears to be no reason for any different rule in the two cases, and, under section 77, the bank is precluded from any offset against deposits subsequent to filing. Lowden v. Iowa-Des Moines Nat. Bank & Trust Co., 10 F.Supp. 430 (D.C.Iowa); Lowden v. Northwestern Nat. Bank & Trust Co., 11 F.Supp. 929 (D.C.Minn.).

It appears to be advisable and permissible to thus carry over the doctrine of relation back to the time of filing, from strict bankruptcy to reorganization proceedings.

In re Fox Metropolitan Playhouses, 74 F.(2d) 722 (C.C.A.2), is not in conflict. The question there involved and decided was whether the debtor under section 77B could be examined for the purpose of discovering assets before the petition was approved. We held that the estate of the debtor was not in the process of administration for the purpose of an examination under section 21a of the Bankruptcy Act, 11 U.S.C.A. § 44 (a), until the petition was approved. The order was properly entered.

Order affirmed.