HUNTER et al. v. SOUTHERN INDEM-
NITY UNDERWRITERS, Inc., et al.

No. 248.

District Court, E. D. Kentucky, Lexington.

Oct. 21, 1942.

Reid Prewitt and W. C. Clay, Jr., both of Mt. Sterling, Ky., for plaintiff.

Woodward, Dawson & Hobson and R. P. Hobson, all of Louisville, Ky., for defendants.

FORD, District Judge.

Charging that the defendants, Southern Indemnity Underwriters, Inc., and certain individuals, who through stock ownership controlled and dominated the corporation, sold and delivered to the plaintiff and numerous other persons bonds of the corporate defendant during the years 1940 and 1941, in violation of various provisions of the "Securities Act of 1933", as amended, 15 U.S.C.A. § 77a et seq., the "Trust Indenture Act of 1939", 15 U.S.C.A. § 77aaa et seq., and the "Investment Company Act of 1940", 15 U.S.C.A. § 80a—1 et seq., the plaintiff Robert G. Hunter seeks "that said bonds be rescinded, that money paid to the defendants by the plaintiff and said other persons similarly situated be refunded to the plaintiff and said persons similarly situated, with interest thereon, for allowance of an attorney fee herein, for costs, and for all other relief to which the plaintiff and said other persons similarly situated may appear to be entitled."

Challenging the right of the plaintiff to maintain the action on behalf of any person or persons other than himself, the defendants move the Court "to dismiss this action on behalf of any other persons except the plaintiff Robert G. Hunter", and in support of the motion filed the affidavit of the Secretary and Treasurer of the corporate defendant showing "that certain of the bonds referred to in the complaint herein were sold during the year 1940 and additional bonds were sold in the year 1941; that many of the bonds have been surrendered and cancelled; that some of the bondholders paid in full for the bonds at the time of the purchase and some of the bondholders elected to pay on the installment plan, some elected to pay on an annual basis, some on a semi-annual basis, some on a quarterly basis, and others on a monthly basis; that as to those who elected to pay on the installment plan, some have continued to make payments and some have not; and that some of the bondholders are not entitled to any payment by reason of the failure of such bondholders to make sufficient payments to entitle them to any cash surrender value of the bond at this time."

In so far as the action is sought to be maintained as a representative one, the plaintiff asserts the right to maintain it as nothing more than a "spurious" class action under Rule 23(a) (3) Federal Rules of Civil Procedure following section 723c.

■ It is not a prerequisite to the maintenance of a class action of the type authorized by paragraph (a) (3) of Rule 23 that the case be such as to make essential the joinder of all interested persons, or that the right sought to be enforced be joint, common or derivative, as in a "true" class action under Rule 23(a) (1), nor that the object of the suit be the adjudication of claims to specific property involved in the action, as in a "hybrid" class action under Rule 23(a) (2). Utilization of the representative concept in the so-called "spurious" class action, in modern federal procedure, is sanctioned, as merely a "joinder device" affording a means of enabling persons whose claims are not auxiliary to the main action but who have a common interest in the questions of law or fact involved, to participate by intervention without independent grounds of jurisdiction. See, 2 Moore's Federal Practice, §§ 23.03–23.04, pages 2227–2245. The general rule applicable to actions, other than class actions, requires an intervenor whose only interest is a common question of law or fact to show independent grounds of jurisdiction to support his intervention. Hoffman v. McClelland, 264 U.S. 552, 44 S.Ct. 407, 68 L.Ed. 845; Fulton Nat. Bank

244

v. Hozier, 267 U.S. 276, 45 S.Ct. 261, 69 L.Ed. 609. This general rule is not applicable to this case for the reason that federal jurisdiction is conferred by the statutes upon which the action is based, irrespective of the amount in controversy and the citizenship of the parties. Deckert v. Independence Shares Corporation, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Securities Act of 1933, § 22, 15 U.S.C.A. § 77v, Trust Indenture Act of 1939, § 322, 15 U.S.C.A. § 77vvv(b), and Investment Company Act of 1940, § 44, 15 U.S.C.A. § 80a—43. Resort to the "spurious" class action device to facilitate exercise of the right of intervention authorized by Rule 24 is entirely unnecessary in a case of this character.

■■ Liability of the defendant for the nature of relief herein sought, if any, runs severally to each of the bondholders and depends upon facts and circumstances peculiar to each individual case. So far as disclosed by the bill of complaint, the only interest in common among the numerous bondholders is their common interest in some of the questions of law or fact involved. Without more, no judgment or other proceeding herein could be binding upon or affect in any way the rights of any persons other than those who are or may become actual parties to or participants in the litigation. Absent bondholders would be entirely free to deal with their own rights in their own way. To entitle plaintiff to stand in judgment for them or to bind them by representation, the requirements of due process are more exacting. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741.

■ In the light of these considerations, the question arises whether the maintenance of this action as a "spurious" class action is of any consequence, one way or the other. In the present state of the record, I am inclined to think it is not. This conclusion, however, is not decisive of the defendant's motion. Several bondholders have filed motions for leave to intervene setting up facts entitling them to do so under Rule 24. Others may do likewise. To now sustain the motion "to dismiss this action on behalf of any other person except the plaintiff Robert G. Hunter" would have the effect of excluding these intervenors. Perhaps the motion is broader than was really intended, but as presented it should be overruled.