**JUMPS et al. v. LEVERONE et al.**

**No. 8793.**

Circuit Court of Appeals, Seventh Circuit.

Aug. 10, 1945.

Ernest H. Cohen and Herschel Kriger, both of Canton, Ohio, and Max A. Kopstein, of Chicago, Ill., for appellants.

Edward R. Adams, Robert T. Sherman, and J. C. Lamy, all of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The five plaintiffs sue for themselves and all others similarly situated and as representatives of a great number of employees, all alleged to be employed by the defendants who are partners, to recover wages and overtime payments by reason of the violation of the standards set by the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219.

The plaintiffs are all employed in a restaurant operated by the defendants in a plant operated by the Westinghouse Company at Canton, Ohio, which company is engaged in the production of goods for commerce. The employees of the defendants serve food to Westinghouse employees as do other employees in other restaurants similarly operated by defendants. Although the plaintiffs file no written authority therefor, they claim to be suing also for the numerous other employees named in the caption who obviously are employed in the defendants' restaurant at Canton, Ohio. Whether there are other employees of the defendants in this restaurant does not appear. The plaintiffs also allege that they sue for employees engaged in like work in ten other restaurants operated by the defendants in ten different cities in nine states. They also claim to sue for employees similarly situated in other restaurants operated by defendants in other unnamed cities in the United States. It is alleged that there are about 5600 employees in all.

By motion the defendants attacked the complaint on many grounds. On December 18, 1944, the District Court sustained that part of the motion which required the plaintiffs to limit their action to a single establishment and to strike from the complaint all reference to other establishments and to employees therein and gave the plaintiffs twenty days in which to make their election. The time for making the election was extended on motion of the plaintiffs several times. Before the time had expired on one of these extensions, the plaintiffs gave notice of appeal from the order of December

18, 1944, limiting the scope of the action to a single establishment. Later the time of election was on motion of the plaintiffs extended until thirty days after this appeal was disposed of.

The defendants have moved to dismiss the appeal for the reason that the appeal is not taken from a final judgment.

■ Plaintiffs are appealing from an order that does not affect their rights. It affects the rights of persons not on the record. If these persons wanted to intervene and to be made parties, they would have to petition the Court to do so (F.R.C.P. Rule 24(b), 28 U.S.C.A. following section 723c) and the Court may admit or refuse to admit such parties in the exercise of a sound discretion. Kennedy v. Bethlehem Steel Co., 3 Cir., 102 F.2d 141, 142.

If the parties affected cannot get on the record without a discretionary act of the Court, an attempt to keep them in the record by representation of the plaintiffs is an appeal to the discretion of the Court.

■ Whether the proceeding be looked upon as a statutory proceeding to liberalize the joinder of parties under Section 16 of the Fair Labor Standards Act,[1] or as a spurious class suit pursuant to the Federal Rules of Civil Procedure, Rule 23(a) (3),[2] the District Court had a wide discretion in shaping up the limits of the suit.

Congress intended to liberalize and relax the procedure for bringing suits to enforce the sanctions of the Act. The procedure was left to the Court's discretion in order that they might control the limits of such suits so that the Courts might intelligently supervise the suits in the interest of justice to the parties under the Act. When one contemplates the scope of the suit envisaged by the attorneys for the plaintiffs, and the ramifications of a suit of that size, purporting to affect the rights of thousands of persons in ten or more states, we think that where the Court attempted to reasonably limit the scope of the suit it was exercising its discretion and the order made and sought to be appealed from is interlocutory and not final, and therefore is not appealable. The motion of the defendants to dismiss this appeal is sustained and the appeal is dismissed.

[1] Lofther v. First Nat. Bank, D.C., 45 F.Supp. 986.

[2] Hunter v. Southern Indemnity Underwriters, D.C., 47 F.Supp. 242, 243; Pacific Fire Ins. Co. v. Reiner, D.C., 45 F.Supp. 703-707, 708.