## AMERICAN UNION INS. CO. OF NEW YORK et al. v. LOWMAN WINE & BOTTLING CO., Inc. et al.

### No. 6410.

United States District Court
W. D. Missouri, W. D.

Dec. 27, 1950.

See also, 92 F.Supp. 881.

W. Haley Reed and John L. Gaylord, Kansas City, Mo., for petitioners Mo. State Reinsurance Corp. and Mercury Mut. Ins. Co. on motion for leave to intervene.

Nothing filed in opposition by either plaintiffs or defendants.

REEVES, Chief Judge.

By this rule any one may be permitted to intervene on application when such "an applicant's claim or defense and the main action have a question of law or fact in common."

The original suit is for a declaratory judgment and unites as plaintiffs several insurers having issued independent policies. Since the question involved is a common question of law or fact, it seems appropriate for the insurance carriers to unite as plaintiffs. Jurisdiction of the court exists by reason of the fact that there was a complete diversity of citizenship between the plaintiffs on one side and the defendants on the other, and the amount in controversy for each plaintiff is adequate.

The applicants for permissive intervention are residents of the same state with the defendants, and whereas there is in fact a common question of law and fact, yet the petitioners or movants are not necessary or indispensable parties but are purely formal. Their presence or absence would not affect the litigation or judgment or decree of the court in any way, nor does their claim or contention interfere in any way with the rights of the plaintiffs. They have independent lawsuits which they seek to engraft upon the present one because of the sole circumstance of a common question of law and fact. The movants and applicants were and are, in like manner, insurers of the defendants, as were the present plaintiffs in the case.

1. Under the law there must exist in procedure of this kind jurisdictional requirements as in the case of other litigants to claim the jurisdiction of the federal court.

The identical question was presented to Judge Knight of the U. S. District Court for the W. D. of New York, in Firemen's Fund Ins. Co. v. Crandall Horse Co., 47 F.Supp. 82, loc. cit. 86, where, in effect, the court ruled that intervenors as merely formal parties must show an independent basis for jurisdiction.

Judge Ford of the U. S. District Court for the E. D. of Kentucky held to the same effect in Hunter v. Southern Indemnity Underwriters, 47 F.Supp. 242.

In like manner, the Supreme Court, in Hoffman v. McClelland, 264 U.S. 552, 44 S.Ct. 407, 68 L.Ed. 845, where the following appears in the syllabus: "A decree of the District Court refusing leave to file a bill of intervention upon the theory that there is no basis on which the court, as a federal tribunal, could adjudicate the matter presented by it, rests on a jurisdictional ground and is appealable directly to this Court under Jud.Code, § 238 * * *."

2. The cases cited by the movants or applicants do not apply to the facts in this case. In the first case relied upon, viz.: Wichita R. & L. Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, it appeared that the intervenor had the same residence as the plaintiff. All the court said in that case was that, since the intervenor was not an indispensable party, it would not destroy the jurisdiction of the court originally acquired if permitted to intervene. The question as to the right of intervention was not decided and was probably not raised.

The same thing was true in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303

U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, where the Supreme Court ruled that jurisdiction having once been acquired by reason of an adequate amount in controversy, the plaintiff could not oust jurisdiction by reducing its claim.

Clearly the court had jurisdiction in this case, and, as stated, such jurisdiction could not be ousted by permitting local residents to intervene, but such local residents could not be permitted to intervene unless they were favored with independent jurisdictional grounds. Since they have the same residence as the defendants, this court is without jurisdiction to adjudicate their claim. It would be different if an ancillary claim, such as an assertion of an interest in a fund in court, but there an independent adjudication is sought.

The motion to intervene should be and will be denied.