**DURKIN, Secretary of Labor, v. PET MILK CO. et al.**

No. 1054.

United States District Court,
W. D. Arkansas, Fort Smith Division.

June 27, 1953.

Lee Seamster, Fayetteville, Ark., for applicants for intervention.

Jeter S. Ray, Acting Solicitor, Washington, D. C., Earl Street, Regional Attorney, and Truett E. Bean, Dallas, Tex., for respondent—plaintiff in main action.

JOHN E. MILLER, District Judge.

On October 30, 1952, Maurice J. Tobin, Secretary of Labor, United States Department of Labor, filed his complaint seeking to enjoin defendant from violating the minimum wage, record keeping, and shipping provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. Jurisdiction is granted by 29 U.S.C.A. § 217, and plaintiff alleged that defendant had violated Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act in that it was engaged in the production of evaporated milk for shipment in interstate commerce, and (1) defendant had paid many employees, for their employment in the production of goods for interstate commerce, wages at rates less than 75 cents per hour, (2) had failed to keep proper records as required by the regulations issued pursuant to Section 11(c) of the Act, and (3) had shipped and sold in interstate commerce goods in the production of which many of its employees were employed in violation of Section 6 of the Act.

On December 29, 1952, defendant filed its answer in which it admitted that it was a Delaware corporation but denied all other allegations of the complaint.

On February 18, 1953, Martin P. Durkin, as Secretary of Labor, United States Department of Labor, filed a motion requesting that he be substituted as plaintiff for the reason that the original plaintiff, Maurice J. Tobin, had resigned his position and had been replaced by the said Martin P. Durkin, and on the same date the Court entered an order granting the motion and substituting Martin P. Durkin as plaintiff.

The issues having been joined by the complaint and the answer, both parties utilized the discovery provisions of the Federal Rules of Civil Procedure, 28 U.S.C.A., in an effort to ascertain all the pertinent facts. The latest of such efforts was a motion for production of documents filed by defendant on May 19, 1953. In disposing of that motion the Court, D.C., 14 F.R.D. 385, stated:

"Subsequent to the filing by the defendant of the motion for production of documents, the plaintiff filed a request for admission of facts by the defendant and also certain interrogatories, and defendant has answered both the request for admissions and the interrogatories fully and promptly. Defendant's response to plaintiff's request for admission of facts discloses that defendant 'normally employs from approximately 81 to approximately 102 persons, being the employees within the plant, supervisory personnel, and fieldmen headquartering at said plant'; that defendant regularly each workweek produces evaporated milk, a substantial portion of which is regularly sold and delivered to customers in one or more of the States of Texas, Louisiana and Oklahoma; that the 'raw milk used in the operations of the Pet Milk Company plant near Siloam Springs, Arkansas, is transported in trucks from the farms and dairies at which it is produced to defendant's said plant by milk haulers. Each of these milk haulers follows a designated route along which the raw milk is received from the various individual producers who have agreed to sell their milk to defendant'; and that 'defendant does not make or keep any record of the number of hours worked per day or per week by the milk haulers delivering milk to its plant in Siloam Springs, Arkansas.'

"In view of the pleadings, the request for admission of facts and the response thereto, it is clear that ultimately the sole question in the instant case is whether the milk haulers are employees of the defendant or are independent contractors."

On June 5, 1953, W. J. Stewart, Sr., et al. filed their motion to intervene as defendants in this case, and that motion is now before the Court for disposition. In their motion movants allege:

"Applicants make this motion on behalf of themselves and all other owners of milk routes in the area involved who are similarly engaged in the business of soliciting and collecting raw milk from farmers living in that area and hauling such milk in their own trucks to the receiving stations operated by Pet Milk Company at Paris and Huntsville, Arkansas, and to the plant operated by Pet Milk Company at Siloam Springs, Arkansas. There are common questions of law and fact involved herein and common relief for the entire class is sought. Applicants fairly insure the adequate representation of the entire class of said persons."

Movants further allege:

"that they have individually conducted said milk-hauling businesses as independent contractors in particular locations known as milk routes and each of the applicants owns his particular route and has acquired a valuable property interest in the route and in the good will of the farmers for whom milk is hauled on said routes; that the individual ownership of said routes and the good will of the customers thereon have been acquired and developed by each of said applicants over a period of years through the expenditure of money by each of said applicants, by their efforts and work in relation thereto and through the investment of each one of their funds in individually-owned trucks and other equipment by which they carry on said operations. At all times referred to in the complaint, applicants were independent contractors owning their individual milk-hauling businesses which had, and have, a substantial market

value for sale or transfer to third persons.

"The complaint in this action and the relief sought by the Secretary of Labor necessarily involve a determination by this Court of the nature of this relationship between applicants and defendant, Pet Milk Company, under the Fair Labor Standards Act. Plaintiff asks to have this Court find that applicants are employees of defendant, Pet Milk Company, under said Act, when in law and in fact these applicants are independent contractors with milk producers and are not employees of said defendant. Applicants aver that their each individual business relationship as independent contractor with the milk producers and their valuable property rights in said relationship and in their future conduct or disposition of each individual property rights, investments and businesses will necessarily be adversely affected and prejudiced if this action proceeds to judgment in accordance with the relief sought by the complaint. A determination by this Court that applicants are employees of Pet Milk Company, and not independent contractors owning their separate businesses, will impair applicants' titles to these businesses and routes and will destroy the market values thereof."

Movants also allege that their defense to plaintiff's claim presents both questions of law and of fact in common with the main action.

With their motion movants tendered their proposed answer in which they repeated, in substance, the allegations contained in their motion, and prayed judgment declaring them to be independent contractors and not employees of defendant within the meaning of the Fair Labor Standards Act.

The attorney for the movants and the attorneys for the plaintiff have filed briefs in support of their respective contentions.

Movants contend that they have valuable property rights that will be affected by the Court's decision, and that the Fair Labor Standards Act contemplates intervention by employees or alleged employees who have a vital interest in the proper determination of their status under the law. The movants also contend that there are common questions of law and fact in the main action and in the proposed intervention, and that the Court in the exercise of its discretion should permit their intervention in the case.

On the other hand, plaintiff contends that movants are not indispensable, necessary or permissible parties within the meaning of Rules 19 and 20, F.R.C.P., 28 U.S.C.A., and that they have no legal interest in this action. Plaintiff further contends that no relief is or could be sought against movants and that their property rights, if any, will not be affected by the decision in the instant case.

The motion to intervene was filed pursuant to the provisions of Rule 24, F.R.C.P., which provides:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. * * *"

378

■ Before testing the present motion by the requirements of Rule 24, the plaintiff's contention that movants are not indispensable, necessary or permissible parties within the meaning of Rules 19 and 20 should be considered and determined. While it is true that Rule 24 is, to some extent, a corollary of Rules 19 and 20,·nevertheless Rule 24 is complete in itself and governs where intervention is sought. Therefore, whether movants are necessary, indispensable or permissible parties under Rules 19 and 20 is not determinative of their right to intervene in the instant suit. See, Commentary, 3 F.R.Serv. 704–707.

■ Turning to a consideration of Rule 24, the Court must first determine whether movants are entitled to intervene as of right in the instant case. There is no property in the custody of the court, and no statute of the United States confers an unconditional right to intervene; therefore, Rule 24(a) (2), supra, is the only part of the Rule which possibly could give movants an absolute right to intervene. That portion.of the Rule permits intervention "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action". Movants may be indirectly affected by a judgment in the .instant case, but they will not be "bound" ;by the judgment in the sense contemplated .by the Rule. See United States v. General Electric Co., D.C.N.J., 95 F.Supp. 165. Moreover, movants have no legal interest within the .contemplation of Rule 24(a)(2), and even if they had such an interest, it is adequately represented by existing parties, and for these reasons it is clear that movants do· not have an absolute right to intervene in the instant case. See, Jewell Ridge Coal Corp. v. Local No. 6167 etc.,· D.C.Va., 3 F.R.D. 251. (As ·a matter of· fact, movants in their brief make no specific contention that they are entitled to intervene as of right.)

■ ▪ Having determined that movants do not have ·an absolute right to intervene, the Court reaches the real question raised by the present motion, i. e., should movants be permitted to intervene under the provisions of Rule ·24(b) ? Permissive intervention, of course, rests within the sound discretion of the Court, subject to two specific limitations, that is, the Court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Were these two limitations all that should be considered by the Court in exercising its discretion,. the Court would be inclined to grant the intervention in the present case because it is doubtful that there would be any substantial or material delay or prejudice occasioned by the intervention. However, the Court should consider other pertinent matters in determining whether to permit intervention. Tachna v. Insuranshares Corporation of Delaware, D.C.Mass., 25 F.Supp. 541; 4 Moore's Federal .Practice, Second Edition, Page 62.

Viewing the motion to intervene and the possible effect thereof as a whole, the Court is of the opinion that the motion should be denied for the following reasons:

■ (1) It is doubtful that the Court would have jurisdiction should movants be permitted to intervene as defendants. In the instant case no statute of the United States confers upon movants a conditional right to intervene, and thus their only possibility of intervention is because their "claim or defense and the main action have a question of law or fact in common." In 4 Moore's Federal Practice, Second Edition, Section 24.18, Page 136, it is said:

"But where intervention is sought to present a claim or defense in an in personam action and the only basis therefor is a common question of law or fact, there is no reason to permit the intervener's rights to be litigated if they could not have been, had the intervener been joined as an original plaintiff or defendant. Procedurally it may be very desirable to permit the intervention, but it would constitute an undue expansion of federal jurisdiction to dispense with independent jurisdictional requirements."

And, in Glover v. McFaddin, D.C.Tex., 99 F.Supp. 385, at page 391 the Court said:

"Each such permissive intervention, absent a class suit or a res within custody of the Court, must be supported by its own independent grounds of federal jurisdiction. It may not depend upon that of the main suit."

See also, Tachna v. Insuranshares Corporation of Delaware, supra; American Union Ins. Co. of New York v. Lowman Wine & Bottling Co., Inc., D.C.Mo., 94 F. Supp. 774.

■ Inasmuch as independent grounds of jurisdiction are required as to permissive intervenors, it is apparent that movants are faced with a difficult, if not insurmountable, obstacle from the outset. It must be remembered that plaintiff is seeking an injunction, against an alleged employer, under the provisions of 29 U.S.C.A. § 217, and that movants are seeking to intervene as defendants. Could movants have been sued or joined as defendants in the first instance? The Court thinks not. Section 217, supra, confers jurisdiction upon district courts "to restrain violations of section 215 of this title." Since Section 215 relates solely to violations of the Act by *employers,* it follows that Section 217 gives the district courts no jurisdiction to entertain suits by plaintiff against *employees* or alleged employees. Nor is there any provision of the Fair Labor Standards Act giving the district courts jurisdiction of actions by employees against the Secretary of Labor. In Bowe v. Judson C. Burns, Inc., 3 Cir., 137 F.2d 37, at page 39, the Court said:

"Section 17, 29 U.S.C.A. § 217, gives jurisdiction to the district courts of the United States of suits to restrain violations of the provisions of Section 15 of the Act, but Section 11(a), 29 U.S.C.A. § 211(a), states 'Except as provided in Section 12 of this Act (relating to child labor), the Administrator shall bring all actions under section 17 * * * to restrain violations of sections 1–19 * * *.' We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right. Employee actions may be maintained only under Section 16(b) to recover back wages and liquidated damages."

It is true that 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 216, confer upon district courts jurisdiction of actions by employees against their employers, and, as movants argue in their brief, often employees are permitted to intervene in actions instituted by other employees who were similarly situated. See, Jumps v. Leverone, 7 Cir., 150 F.2d 876; Wright v. United States Rubber Co., D.C.Iowa, 69 F.Supp. 621; Tennessee Coal, Iron & R. Co. v. Muscoda Local 123, etc., D.C.Ala., 5 F.R.D. 174. (holding that employees have an unconditional right to intervene); 7 Cyclopedia of Federal Procedure, Third Edition, Section 24.59, Pages 60–61. But the reasons for permitting intervention by employees in actions brought by other employees similarly situated against their mutual employer are not present when an employee attempts to intervene in an action by the Secretary of Labor against an alleged employer for an injunction. That is, 29 U.S.C.A. § 216 expressly provides that "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Therefore, in such a case since the employee seeking to intervene would have been a proper party in the first instance, and since a district court would have jurisdiction to entertain his claim, his intervention would be entirely proper. But, as heretofore stated, in the instant case movants would not have been proper parties defendant in the first instance, and it seems extremely doubtful that the Court would have jurisdiction to entertain the instant suit if movants were permitted to become parties defendant.

■ (2) The movants raise no new issues, and while their presence in the case might not cause any substantial delay, nevertheless their intervention would necessarily occasion some delay, and at the same time would not aid the Court in determining the ultimate issue in the case.

In Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, at page 141, 64 S.Ct. 905, at page 907, 88 L.Ed. 1188, the Court said:

"The rule provides that, in exercising discretion as to intervention of this character, the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. It is common knowledge that, where a suit is of large public interest, the members of the public often desire to present their views to the court in support of the claim or the defense. To permit a multitude of such interventions may result in accumulating proofs and arguments without assisting the court."

And in Kind v. Markham, D.C.N.Y., 7 F.R.D. 265, at page 266 the Court said:

"Rule 24(b)(2) provides for permissive intervention 'when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'

"In construing this section of the Rule, the courts have treated it as contemplating a situation in which the intervenor, even though asserting a claim or defense common in law or fact to the main suit, presents a claim in addition to the issues of the main suit."

See also, 4 Moore's Federal Practice, Second Edition, Pages 63–64.

In other words, in the instant case movants are merely attempting to re-assert precisely the same defense that has been previously asserted by the defendant, and although the delay that might be occasioned by movants' re-assertion of this defense would probably be slight, nevertheless when this slight delay is considered along with the fact that movants' intervention would add nothing to the defense against plaintiff's complaint, the Court feels that this is another circumstance militating against the intervention of movants herein.

(3) Movants' interests in the instant case are being adequately and fully protected. The only thing movants seek by their intervention is to have themselves adjudged to be independent contractors within the meaning of the Fair Labor Standards Act, and that is, of course, exactly the same thing defendant is seeking to establish. From a financial viewpoint, defendant has much more at stake than do the movants, and it may well be assumed that defendant will do everything within its power to establish its defense. As a matter of fact, counsel for defendant have been efficient and diligent in preparing the case for trial, and will, no doubt, exercise the same high degree of skill in the presentation of their client's case at the trial. Therefore, movants' rights are being fully protected without the necessity of making them parties defendant.

(4) The decision in the instant case on the merits may, in fact, have little or no effect upon the movants' alleged property rights. Of course, there is no requirement that movants have a direct interest in the litigation. In Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, at page 459, 60 S.Ct. 1044, at page 1055, 84 L.Ed. 1293, the Court in speaking of Rule 24(b)(2), said:

"This provision plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."

Movants argue that the market value of their milk routes would be affected by a judgment in favor of the plaintiff and against the defendant herein. Suppose the Court were to hold that movants and other milk haulers were employees of the defendant, would that holding necessarily affect their routes? It seems somewhat doubtful since the movants have alleged no contractual relationship with the defendant. Apparently movants' only contracts are with the producers, and those contracts would not in anywise be affected by the holding of the Court in the instant case. Stated differently, whether movants are employees or

independent contractors within the meaning of the Fair Labor Standards Act should be immaterial insofar as their milk routes and their contracts and associations with producers are concerned. If the Court should hold that movants were employees of defendant, it might well be that the only practical effect of such holding would be that defendant would be required to keep proper records and to abide by the minimum wage and maximum hours provisions of the Act, and that movants' contractual relations with the producers would remain unchanged. However, the Court realizes that a decision holding movants to be employees might have some practical effect upon their milk routes, and for that reason the Court feels that movants, by their own counsel, should be permitted to participate in the trial, present arguments and file briefs as amici curiae if they so desire. Jewell Ridge Coal Corporation v. Local No. 6167, etc., supra; Ocean S. S. Co. of Savannah v. Allen, D.C.Ga., 36 F.Supp. 851. And, as a practical matter, by proceeding as amici curiae movants have every advantage they would have as parties, because, as heretofore stated, no judgment could be rendered, either for or against them, in the instant case.

Therefore, the motion of W. J. Stewart, Sr., et al., to intervene as defendants herein should be denied, but movants should be permitted, by counsel, to participate in the trial, present arguments and file briefs as amici curiae.

An order in accordance herewith should be entered.