## AMERICAN OPTICAL CO. v. NEW JERSEY OPTICAL CO. (UNITED STATES, Intervener).

### Civ. No. 1583.

District Court, D. Massachusetts.

July 9, 1943.

See also 50 F.Supp. 806.

Brooks Potter, John L. Hall, Frederick H. Nash, Mercien Jenckes, and Harrison F. Lyman, all of Boston, Mass., for plaintiff.

Charles B. Rugg and Edward B. Hanify, both of Boston, Mass., and Daniel V. Mahoney and Morris D. Jackson, both of New York City, for defendant.

Samuel S. Isseks and Irving B. Glickfeld, Sp. Assts. to Atty. Gen., and Melville C. Williams, Sp. Atty., of New York City, for the Government, intervenor.

HEALEY, District Judge.

The present action was brought by the American Optical Company, plaintiff, in the Municipal Court of the City of Boston to recover from the New Jersey Optical Company, the defendant, certain sums alleged to be due as royalties under patent licenses issued by the plaintiff to the defendant. The defendant removed the case to this Court and interposed an answer denying the indebtedness and asserting both as an affirmative defense and as a counterclaim, that the licenses in question were illegal because they were part of an alleged conspiracy to monopolize or restrain trade in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. Defendant later filed a motion to amend its answer by asserting the invalidity of the patents themselves, which motion has this day been allowed. The United States seeks by the instant motion to intervene. The Government's proposed answer alleges that the plaintiff and defendant, together with other optical companies, have entered into a conspiracy in restraint of trade, and that the licenses involved are a part of this conspiracy and illegal.

The Government concedes that it cannot intervene as a matter of right, but only under Rule 24(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule provides that "upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In General Electric Co. v. Hygrade Sylvania Corp., D.C.,S.D.N.Y., 1942, 45 F. Supp. 714, 719, the Government sought to intervene in a patent infringement suit on the ground that the patents alleged in the complaint to have been infringed were used "in violation of the Federal anti trust laws and in a manner contrary to public policy," in that they were a part of a plan in restraint of interstate commerce. Judge Leibell, in that case, on the ground, among others, that "if the defendant decides to present evidence on these issues it will be unnecessary for the Government to intervene," denied the motion for leave to intervene without prejudice to a renewal of the motion should the defendant fail to present the issues set out in the government's proposed answer.

In Woburn Degreasing Company of New Jersey et al. v. Spencer Kellogg & Sons, Inc., 3 F.R.D. 7, 10, decided by the United States District Court for the Western District of New York, the government's motion to intervene, in a patent infringement suit, on the ground that the license and agreement involved were illegal as part of an unlawful combination and conspiracy, was denied subject to the right to renew it in the event that the defendant at the trial failed fully and fairly to present "the issue as to any violation of the anti trust law."

In the instant case, the defendant's answer as amended raises every issue raised by the Government's proposed answer. In the Hygrade Sylvania case, supra, the defendant had not raised the issues sought to be raised by the Government. The Court there denied the Government's motion on the assumption that those issues would be presented by the defendant. Consequently, since the defendant in the instant case has already raised the issues sought to be raised by the Government, the present case is a stronger one for the denial of the Government's motion.

The Government further argues that the plaintiff and defendants have conspired together in restraint of interstate commerce, and for that reason defendant will not be so eager to present the issues which the Government wishes to present in the interests of the public. The pleadings, at least, would indicate that just the opposite is true. The defendant, in its answer, has availed itself of all defenses under the Sherman Act and public policy which the Government contends should be presented. Of course, if it developes at the trial that the defendant does not in good faith present the issues that the Government seeks to raise, the Government may renew its motion for leave to intervene.

It is not necessary to decide whether or not the Government's application for intervention was timely made within the meaning of Rule 24(b). It might be well to state, however, that this action was commenced in October of 1941. It was removed to this Court, and the defendant's answer was filed in October of 1941. The Government admittedly knew of the pendency of this action for about a year prior to the filing of its motion to intervene.

The reason given by counsel for the Government for failure to intervene sooner was that a complaint had been filed in the District Court of the United States for the Southern District of New York by the United States alleging that the present plaintiff and defendant, together with others, had violated the Sherman Act. The trial of that case was begun in November of 1941, and continued until the summer recess in May of 1942. During the summer it was determined by the Secretary of War and the Secretary of the Navy that continuation of the case would interfere with war production. Consequently, the trial was adjourned by stipulation until such time as the Secretary of War and the Secretary of the Navy should determine that it would not interfere with war production. This motion to intervene was filed on November 25, 1942.

The plaintiff also contends that intervention would unduly delay the adjudication of the case. This point need not be decided.

The Government's motion to intervene is dismissed without prejudice.