**JEWELL RIDGE COAL CORPORATION v. LOCAL NO. 6167 UNITED MINE WORKERS OF AMERICA et al. (SOUTHERN COAL PRODUCER'S ASS'N, Intervenor).**
Civil Action No. 73.

District Court, W. D. Virginia, at Abingdon.
Oct. 30, 1943.

George Richardson, Jr., of Bluefield, W. Va., for plaintiff corporation.

William A. Stuart, of Abingdon, Va., for plaintiff corporation and also for applicant for intervention.

Crampton Harris, of Birmingham, Ala., Leonard G. Muse and Frank W. Rogers, both of Roanoke, Va., and Welly K. Hopkins, of Washington, D. C., for defendant mine workers.

Edward R. Burke and John C. Gall, both of Washington, D.C., for applicant for intervention.

BARKSDALE, District Judge.

This action was instituted on July 30, 1943, by Jewell Ridge Coal Corporation, the owner and operator of bituminous coal mines within this District, plaintiff, against Local No. 6167 and Local No. 7337 of the United Mine Workers of America, an unincorporated association, and the officers thereof, District No. 28 of said United Mine Workers of America, which comprises, amongst others, the said two locals, and the officers thereof, and the International Union of the said United Mine Workers of America, which includes all locals and districts thereof, and its president, defendants, for the purpose of obtaining a declaratory judgment determining, as between plaintiff and its underground mine workers, members of the abovementioned locals, the question of "portal to portal" pay, as it is ordinarily denominated. Actually, the question for determination is whether or not the time spent by plaintiff's employees who work underground in its mines, each day in travel from the portal, or entrance to the mine, to their respective places of actual labor, and the time spent in returning to the portal, or entrance, from their respective places of labor, and also the time spent by said employees in obtaining their equipment and preparing themselves ι ⁻ᵗᵉr the mines, is a part of their work ν. ᵢs referred to in Section 7 of the Fₑ __abor Standards Act, 29 U.S.C.A. §⁻ʲ⁻ ⁻⁻, and therefore compensable. An actu. · )ntro-

versy is alleged by plaintiff and admitted by defendants.

Plaintiff filed its complaint on July 30, 1943, and all defendants filed their answer on September 8, 1943, and defendant employees filed a counter claim for alleged unpaid back wages, which counter claim was denied by plaintiff by its answer thereto filed on September 27, 1943.

The matter now before me is the motion of Southern Coal Producers Association, a corporation, filed October 9, 1943, for leave to intervene as a plaintiff in this action, with intervener's proposed complaint filed therewith, and defendants' objections thereto.

The applicant for intervention, Southern Coal Producers Association, a corporation (hereinafter referred to as the "Applicant"), in its proposed complaint alleges that it is a corporation organized under the laws of West Virginia, with its principal office in Washington, D. C., that its members comprise all the District Associations of employers producing bituminous coal in the Southern Appalachian area, and also certain individual operators in said area, including the plaintiff. Applicant further alleges that it has and exercises, under its charter and bylaws, the right and authority, as representative of all the employers embraced in its membership and in the membership of its member associations, to negotiate the wage agreements for and in behalf of said employers with the defendant, International Union, United Mine Workers of America, and its subsidiary districts including defendant District 28, as the representatives of the employees in such negotiations, and that it further has and exercises the right and authority to make and execute agreements binding upon said employers. Applicant's complaint further alleges that it has for a number of years negotiated and executed with the said International Union, the basic wage agreements between employers and employees in the Appalachian area, including all the agreements set out in plaintiff's complaint. Applicant's complaint further sets out that the methods and conditions of mining coal are in general the same throughout the area represented by it, and that the issues made by the original complaint and answer arise correspondingly in connection with the operations of substantially all the other mines embraced within Applicant's membership, and that therefore Applicant has a vital interest in the determination of said issues. Applicant

further alleges that the representation of its interests by the plaintiff in this action is or may be inadequate, that Applicant is or may be bound by the judgment in this action, that Applicant's claims with respect to said issues present questions both of law and of fact which are common to those of the main action, and that therefore Applicant, pursuant to the provisions of Rule 24 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is entitled, as of right, to intervene in this action, or, if not so entitled as of right, it ought to be permitted to intervene. Applicant's complaint adopts all the allegations of the plaintiff's complaint, with some amplification of plaintiff's allegations in regard to the negotiation of agreements between employers and employees, but contains no allegations new or different, or conflicting with the allegations of plaintiff's complaint.

Applicant's complaint concludes with the following prayer: "Intervener, in order to prevent multiplicity of actions, further prays that the defendants in this action, their agents, representatives and all the officers and members of said International Union and of its subsidiary Districts and Locals who are employees of any of the mines embraced within intervener's membership, be held to be parties hereto as a class, and be restrained and enjoined from prosecuting any suit, action or claim of any nature whatsoever against any of the members of intervener or of intervener's member Associations for any additional wages or compensation claimed to be due them for underground travel time under the provisions of said Fair Labor Standards Act of 1938, pending final judgment in this action; and intervener prays for a general declaratory judgment with reference to the questions presented in this action and for a judgment against the defendants herein for its costs, and for such other, further or general relief as to the Court may seem just and proper in the premises."

At the outset, it would seem that in abstract fairness, inasmuch as the International · Union, United Mine Workers of America, bargaining representative for the employees, in a party defendant, the Applicant, the bargaining representative for the employers, should be permitted to intervene as a party plaintiff. However, defendants have objected to the intervention, and it behooves me to consider Rule 24 of the Federal Rules of Civil Procedure and determine whether the Applicant is of right en-

titled to intervene, or whether in the discretion of the Court it should be permitted to intervene. The defendants, District 28, United Mine Workers of America, with its officers, and International Union, United Mine Workers of America, with its president, have not been permitted to intervene by any order of this Court; they are parties to this action because they were made parties defendant by the plaintiff when it instituted this action.

There can be no doubt that Applicant's motion is timely. It therefore contends that under this provision of Rule 24: "(a) *Intervention of Right.* Upon timely application anyone *shall be permitted* to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *" (italics mine), it has an absolute right to intervene, and if it has not such absolute right, that the Court should permit it to intervene by reason of the following provision of Rule 24: "(b) *Permissive Intervention.* Upon timely application any one *may be permitted* to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (Italics mine)

Upon the question of whether or not Applicant is entitled as of right to intervene under the above quoted provision of Rule 24, no illuminating decision has been cited to me by counsel, nor do I find any. However, it seems to me clear that Applicant has no such absolute right. In the first place, I do not believe that Applicant has any such "interest" as that referred to in the Rule. Applicant is actually composed of a large number of associations of coal operators and individual coal operators. Its interest in this litigation is the same as that of every coal operator, and I do not think that that is the "interest" referred to in the statute. See Radford Iron Co., Inc., v. Appalachian Electric Power Co. 4 Cir., 62 F.2d 940, at page 942, wherein the Court said: "It is well settled that the only interest which will entitle a person to the right of intervention in a case is a legal interest as distinguished from interests of a general and indefinite character which do not give rise to definite legal rights."

■ It is further to be noted that the two conditions necessary for the absolute right of intervention, namely, that (1) "the representation of the applicant's interest by existing parties is or may be inadequate and" (2) "the applicant is or may be bound by a judgment in the action;", are in the conjunctive. As previously indicated, I do not think that the Applicant here has such an interest as is referred to in the Rule. However, assuming that it has such an "interest", let us consider whether or not the representation of this interest by the existing plaintiff is or may be inadequate. In the first place, it is to be noted that the Applicant's proposed complaint contains no substantial allegations not contained in the existing plaintiff's complaint. The fact that a similar situation prevailed in the case of American Optical Co. v. New Jersey Optical Co., D.C., 3 F.R.D. 169, was a substantial reason for denial of the Government's petition for intervention in that case. Applicant here conceded in argument that it had been consulted by plaintiff before the institution of this action, that it approved the institution of the action, that it cooperated in the institution of the action, and that plaintiff was represented by eminent counsel of unquestioned ability. It would, therefore, be difficult, if not impossible, for me to conclude that the representation of Applicant's interest, if any, is or might be inadequate. But the second condition, conjunctively joined with the first one, seems to me to be decisive against any absolute right of the Applicant to intervention. This condition is that "the applicant is or may be bound by a judgment in the action;". Of course, the Applicant, as well as all others in, or connected with, the bituminous coal industry, will in a sense be "bound" by the ultimate determination of this case, by the rule of stare decisis, but I fail to see how this Applicant can be directly "bound" by any order which may be entered or decision which may be rendered in this action. It is conceded that Applicant could not have instituted this action, and that no defendant has any cause of action against it.

It is therefore my conclusion that the Applicant has no absolute right of intervention under Rule 24.

### Permissive Intervention.

*Should the Applicant be permitted to intervene under the provisions of Rule 24(b) (2) quoted above?*

■ It is quite true the Supreme Court, in the case of Securities & Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, at page 459, 60 S.Ct. 1044, at page 1055, 84 L.Ed. 1293, referring to this portion of the Rule, said: "This provision plainly dispenses with any requirement that the intervener shall have a direct personal or pecuniary interest in the subject of the litigation." I do not think that the case of Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 665, 61 S.Ct. 666, 85 L.Ed. 975, cited by defendants' counsel, either adds to, subtracts from, or modifies this pronouncement, because the latter opinion plainly states that the applicant's right to intervene there was not dependent upon Rule 24, nor subject to the court's discretion, but was a right established by a consent decree theretofore entered. It seems to me that so far as it is pertinent here, the full force and effect of the Securities & Exchange Commission case is that, in its discretion, the court might permit an applicant to intervene if such applicant were charged with a public duty which reasonably required him to intervene, or that such applicant had a claim or defense involving a question of law or fact in common to the main action, even though the applicant had no direct personal or pecuniary interest in the subject of the litigation. But it would seem that an applicant charged with no public duty, such as Applicant here, must still have a "claim or defense", with a question of law or fact, in common with the main action. It does not seem to me that Applicant here has either a "claim" or a "defense" such as referred to in the Rule. Admittedly, Applicant has no claim which it could assert in a legal action against any defendant here, nor could any defendant here assert any claim against it in a legal action which would require any defense on the part of the Applicant. Quite true, the Applicant and its component members are intensely "interested" in the determination of the issues presented by this action, in the general sense of the word, just as all other persons in the bituminous coal industry are interested, but such a general interest is certainly not enough for intervention of right, Radford Iron Co. v. Appalachian Electric Co., supra; nor do I believe it to be sufficient for permissive intervention.

■ It does not appear to me that the cases cited in Applicant's brief, Brotherhood of Locomotive Engineers v. Chicago, M. S.

T. P. & P. R. Co., D.C., 34 F.Supp. 594, and International Brotherhood of Teamsters, etc. v. Keystone Freight Lines, 10 Cir., 123 F.2d 326, support Applicant's contention. The factual situations prevailing in these two cases are entirely different from the situation here presented. It seems to me that the cases of Radford Iron Works v. Appalachian Electric Power Co., supra, Woburn Degreasing Co. v. Kellogg & Sons, D.C., 3 F.R.D. 7, and the American Optical Co. v. New Jersey Optical Co., supra, are more persuasive. In short, it seems to me that, although the component members of Applicant might conceivably be involved in litigation involving questions of law or fact similar to those here presented, nevertheless neither Applicant nor its component members have any "claim or defense" presenting any question of law or fact in common with the main action.

■ I am also disposed to deny the Applicant's motion by reason of the last sentence of Rule 24(b) (2), which is as follows: "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

As the pleadings are presently made up, a plain and direct question is presented to the Court for determination. As hereinbefore indicated, I am satisfied that the case for the coal operators will be ably and amply presented by the original plaintiff. Although plaintiff, by its counsel, insists that it is, and expects to continue to be, dominus litis, I am satisfied from the frank statements of counsel in argument that the plaintiff has instituted and will conduct this action in full cooperation with the Applicant, whether or not Applicant is permitted to intervene. I apprehend that if the Applicant should be permitted to intervene, the adjudication of the rights of the original parties might be unduly delayed or prejudiced. For instance, Applicant in its proposed complaint prays that: "The defendants in this action, their agents, representatives and all the officers and members of said International Union and its subsidiary Districts and Locals who are employees of any of the mines embraced within the intervener's membership *be held to be parties* hereto as a class, and be restrained and enjoined from prosecuting any suit, action or claim of any · nature whatsoever against any of the members of intervener or of intervener's member associations, for any additional wages. * * *" (Italics mine).

It appears from its proposed complaint that the membership of Applicant comprises coal operators, not only in this District, but also operators in Southern West Virginia, Eastern Kentucky and Northern Tennessee. I would be very skeptical of the power of this Court to make the employees of these operators in these diverse states and districts, without their consent, without notice or service of process upon them, parties defendant to this action, simply by this Court's fiat to that effect, and even more skeptical of this Court's power to restrain such employees by injunctive order. If Applicant should be permitted to intervene and should present its application for an injunction to this Court in accordance with its prayer and as indicated in its brief already filed upon the pending question, the Court would be obliged to either grant or deny the application. In either event, an appeal would lie forthwith. In all likelihood, further procedure upon the real issues of this action would have to be stayed pending the determination of such an appeal. That is one very foreseeable contingency, and it is impossible to foretell what other complications unnecessary to the determination of the real issues of this action might result from the intervention of the Applicant. If I should permit this Applicant to intervene, how could I in fairness refuse intervention to any local of the Union in this area which asserted that its representation was or might be inadequate?

Consequently, as I am satisfied that Applicant will not be prejudiced by a denial of its application to intervene, that Applicant has no absolute right to intervene, and that in the discretion of the court it should not be permitted to intervene, it follows that the motion of the Applicant, Southern Coal Producers Association, will be denied.

■ However, as the Court is desirous of obtaining the benefit of any light which the Applicant might shed upon the difficult questions here presented, and as the Court is satisfied that it is entirely proper so to do, *Northern Securities Co. v. United States*, 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299, there will be included in the order to be entered, leave to the Applicant, by counsel, to participate in the trial, present argument and file briefs as an amicus curiae.