**FLEMING, Wage and Hour Adm'r, v. SMOOT SAND & GRAVEL CORPORATION.**

No. 10993.

District Court of the United States for the District of Columbia.

June 30, 1941.

John J. Babe, Gerard D. Reilly, and Irving J. Levy, all of Washington, D. C., for plaintiff.

Roger J. Whiteford and John J. Carmody, both of Washington, D. C., for defendant.

MORRIS, District Judge.

Plaintiff brings this action as Administrator of the Wage and Hour Division, United States Department of Labor, to permanently enjoin the defendant from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, U.S.C.A. Title 29, §§ 201 et seq., 215(a)(1, 2, 5). The complaint generally alleges that the defendant is engaged in sand and gravel dredging operations in the Potomac River and its tributaries, and from land deposits privately owned or leased; that the sand and gravel produced by the defendant is transported by it on its own vessels, by trucks and other means of transportation from Maryland through the District of Columbia into Virginia, from Virginia through the District of Columbia into Maryland, and from both the States of Virginia and Maryland to three plants and terminals in the District of Columbia, where such products are unloaded, washed, graded, conveyed and segregated according to size and kind of each, preparatory to and for sale, distribution, shipment, transportation, and delivery in the District of Columbia and in the States of Virginia, Maryland and West Virginia. It is charged in paragraph VI of the complaint that, during the period October 24, 1938, through October 23, 1939, defendant paid to many of its employees wages at rates less than 25 cents an hour for their employment in interstate commerce, or in the production of goods for interstate commerce, or both, and during the period beginning October 24, 1939, defendant has paid to many of its employees wages less than 30 cents an hour for their employment in interstate commerce, or in the production of goods for interstate commerce, or both. In paragraph VII of the complaint, it is charged that, during the period beginning October 24, 1938, through October 23, 1939, defendant employed many of its employees who were engaged in interstate commerce, or in the production of goods for interstate commerce, or both, for work weeks longer than forty-four hours, and failed and refused to compensate the said employees for their employment in excess of forty-four hours in such work weeks at rates not less than one and one-half times the regular rates at which they were employed; and during the period beginning October 24, 1939, and repeatedly thereafter through October 23, 1940, defendant employed many of its employees who were engaged in interstate commerce, or in the production of goods for interstate commerce, or both, for work weeks longer than forty-two hours, and failed and refused to compensate said employees for their employment in excess of forty-two hours in such work weeks at rates not less than one and one-half times the regular rates at which they were employed; and during the period beginning October 24, 1940, and repeatedly thereafter, defendant has employed many of its employees who were engaged in interstate commerce, or in the production of goods for interstate commerce, or both, for work weeks longer than forty hours, and has failed and refused to compensate said employees for their employment in excess of forty hours in such work weeks at rates not less than one and one-half times the regular rates at which they were employed. In paragraph VIII, it is charged that defendant has sold, shipped, delivered, transported and offered for transportation in interstate commerce from its places of business in the District of Columbia to, into and through

States other than the District of Columbia, goods produced in its place of business, plants and terminals, in the production of which many of its employees were employed in violation of Section 6 and 7 of the Fair Labor Standards Act, as alleged in paragraphs VI and VII of the complaint. In paragraph IX of the complaint, it is charged that the defendant has shipped, delivered and sold with knowledge that shipment, delivery and sale in interstate commerce from points within the District of Columbia to, into and through various States was intended, goods which were produced in its place of business, in the production of which many of its employees were employed in violation of Sections 6 and 7 of the Fair Labor Standards Act, as alleged in paragraphs VI and VII of the complaint. In paragraph X of the complaint, it is alleged that certain regulations were duly promulgated by the plaintiff, prescribing the records to be kept and preserved by every employer subject to any provision of the Act, which regulations are attached to the complaint and made a part thereof. In paragraph XI of the complaint, it is charged that the defendant has failed and refused to make, keep and preserve, as prescribed by said regulations, adequate records of the persons employed by it, and of the wages, hours and other conditions and practices of employment maintained by it, and has failed to keep records showing adequately hours worked each work day and each work week, the regular rate of pay, and the basis upon which wages are paid. In paragraph XII of the complaint, it is charged that the defendant has made inaccurate records of such employment and wages.

To this complaint the defendant has filed a motion to require the plaintiff to make the complaint more definite in the following particulars:

1. To furnish the names of the employees who were paid less than twenty-five cents and thirty cents per hour from and after October 24, 1938, and October 24, 1939, respectively, as alleged in paragraph VI of said complaint.

2. To specify the particular work weeks plaintiff claims the respective employees, referred to in paragraph VI of said complaint, were paid wages at rates less than the minimum prescribed by the Fair Labor Standards Act of 1938.

3. To furnish the names of the employees who were not compensated at overtime rates for hours worked in excess of the maximum hours prescribed by the Fair Labor Standards Act of 1938 as claimed in paragraph VII of said complaint.

4. To allege the particular work weeks that plaintiff claims the employees, referred to in paragraph VII, were employed in excess of the maximum hours prescribed by the Act without payment of overtime compensation.

5. To specify to whom and on what dates the shipments, deliveries and sales, referred to in paragraph IX of said complaint, were made.

6. To furnish the names of the employees and the particular work week of each such employee as to which plaintiff claims that the records kept by defendant failed to show the hours worked each work day and each work week as set forth in paragraph XI.

7. To furnish the names of the employees involved and in what respects the entries on defendant's records were inaccurate and failed to comply with the requirements of said Act and of the regulations promulgated thereunder, as alleged in paragraph XII of said complaint.

██ It is considered that the complaint, although general in its allegations, is sufficient to state a cause of action. The question here to be decided is whether or not the defendant should be furnished further information, respecting the general allegations stated in the complaint, in order to enable it properly to prepare responsive pleadings, and to be informed with reasonable particularity as to the charges against which it must defend itself. While this is a civil proceeding, it is not wholly unlike the situation dealt with by this Court in the case of United States v. United States Gypsum Company, et al., D.C., 37 F. Supp. 398, where a bill of particulars was sought in a proceeding brought under the Sherman Anti-Trust Law, 15 U.S.C.A. §§ 1–7, 15 note. In the instant case, it is true the parties may avail themselves of methods of discovery not open in criminal procedure, but here also both parties may avail themselves of such aids to discovery and, therefore, it cannot be said that the plaintiff is unable to obtain information from the defendant which is needed to state with more particularity the factual basis upon which the general allegations rest. Here, as there, I think a defendant is entitled to an identification within reasonable limits of information, even though it be in the pos-

session of the defendant, if that is the information relied upon to secure the relief sought by the plaintiff, and this is true even though the information is to some extent evidentiary in nature. It is important to the parties, and to the proper determination of controversies, that the controversial issues should be narrowed to the extent of which they are susceptible, and all means available to this end should be utilized. This does not mean that specific identification of constituent primary facts should be required where, in the light of information contained in the complaint, or otherwise furnished by the plaintiff, a defendant by reasonable investigation can avoid prejudicial surprise. It must be borne in mind that many of the acts alleged in the complaint may be established, not by direct evidence, but by inference from numerous other facts and circumstances. It is probable that the time of the happening of some particular act must be arrived at only within a reasonable range, and that by inference; but the principle still remains valid that, within the knowledge possessed by the plaintiff, sufficient particularity should be given to the defendant to enable that party, by reasonable diligence and investigation on his part, to know what questions of fact and what questions of law he is called upon to meet. I do not feel that such rigid specificity as asked for in the motion should be required, as such information may not be available to the plaintiff, and the plaintiff ought not to be unduly hampered in his proper prosecution of the cause. It is quite apparent from the argument of the case that questions of law lurk in the classification of employees sought to be here subjected to the provisions of the Act and the regulations promulgated thereunder. There can be no question that it is important that issues such as these should be drawn out into the open and disposed of, if possible, before the trial of the facts.

An order will, therefore, be entered, requiring the plaintiff to furnish, within sixty days from the service upon him of such order, a bill of particulars stating:

(1). Such information within the knowledge of the plaintiff as will, with such particularity as he can, apprise the defendant within reasonable limits of the number and classes of employees, and by such other means, as may with proper investigation on the part of the defendant, serve to identify such employees who were paid less than the minimum rate per hour during the periods referred to in paragraph VI of the complaint.

(2). Such information within the knowledge of the plaintiff as will enable the defendant, by proper and diligent investigation, to ascertain the periods of time referred to in paragraph VI of the complaint, during which it is alleged the defendant violated the provisions of the Fair Labor Standards Act.

(3). The same character of information, required in (1) above, with respect to the employees who were not compensated at overtime rates, as alleged in paragraph VII of the complaint.

(4). Such information within the knowledge of the plaintiff as will, with proper diligence and investigation on the part of the defendant, enable the defendant to identify the periods of time referred to in paragraph VII, during which it is alleged that the defendant violated the provisions of the Act by not paying the required overtime compensation.

(5). To furnish such information within the knowledge of the plaintiff as will enable the defendant, by proper and diligent investigation, to determine within reasonable limits the shipments, deliveries and sales referred to in paragraph IX of the complaint.

(6). Such information within the knowledge of the plaintiff as will enable the defendant, by proper and diligent investigation, to determine what records required to be kept were not kept by the defendant, as alleged in paragraph XI of the complaint.

(7). Such information within the knowledge of the plaintiff as will enable the defendant, by proper and diligent investigation, to determine what records required to be kept by the defendant were inaccurately kept, as alleged in paragraph XII of the complaint.

When the information herein directed is furnished by the plaintiff to the defendant, its sufficiency, if questioned, can then be better determined.

It will be further ordered that such bill of particulars herein required may be supplemented if the plaintiff should subsequently learn of further particulars with respect to the allegations of the complaint, as to which the plaintiff is required to furnish information herein. Such supplementary bill of particulars will be served within ten days after learning of such further particulars, provided service be at least ten days prior to the trial.