**SNYDER, Adm'r of Wage and Hour Division, Department of Labor, v. GURNSEY.**

Civ. No. 156.

District Court, D. New Hampshire.

Jan. 23, 1942.

Allen A. Tepper, of Boston, Mass., for the Government.

Oscar A. Gorin, of Gardner, Mass., for defendant.

MORRIS, District Judge.

This action is brought by the Administrator of the Wage and Hour Division seeking an injunction against the defendant Robert F. Gurnsey, doing business as Coca-Cola Bottling Company of Keene, New Hampshire, to restrain him from violating the provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938. 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

The petition was filed September 12, 1941. On October 2, 1941, the defendant filed a motion to dismiss the action on the ground that the petition did not set forth facts sufficient to entitle the plaintiff to maintain its action or grounds for injunctive relief.

 In considering the defendant's motion all the allegations in the petition well pleaded must be taken as true.

The defendant takes the position that all the allegations of facts constituting violations relate to past offenses and that the petition contains no allegation sufficient to show violations so recent as to furnish the basis for injunctive relief. The petition lacks the usual allegation that "the defendant threatens and intends to continue to violate the law unless restrained by this court."

"It is a familiar rule of equity that an injunction will not be issued where the wrong complained of has fully and defi-

nitely terminated before the institution of the suit; and where the circumstances are such that the chancellor is convinced from the proof there is no likelihood of repetition." Fleming v. Phipps, D.C., 35 F. Supp. 627, 630; Securities and Exchange Commission v. Torr, 2 Cir., 87 F.2d 446.

It is therefore necessary to examine the petition to determine whether any facts are set forth therein which may be construed as alleging violations existing up to the time or near the time of the filing of the petition September 12, 1941.

### Facts Alleged in the Petition.

 The petition alleges that the residence of the defendant is Keene, New Hampshire, within the jurisdiction of this court; that the defendant has and is employing 22 persons in the production of Coca-Cola; that the goods produced are made of raw materials, substantial quantities of which are purchased and transported in interstate commerce from and through states other than the State of New Hampshire and a substantial proportion of the goods produced are shipped to states outside of New Hampshire.

The petition further alleges that the defendant has repeatedly failed to observe certain provisions of the Act in that beginning October 24, 1938, and repeatedly thereafter through October 23, 1939, defendant paid to many of his employees wages at rates less than 25 cents an hour and during the period beginning October 24, 1939, and repeatedly thereafter paid many of his employees at rates less than 30 cents an hour; that during the period beginning October 24, 1938, and repeatedly thereafter through October 23, 1939, defendant employed many of his employees for workweeks longer than 44 hours and failed to pay them for the overtime; that during the period beginning October 24, 1939, and repeatedly thereafter through October 23, 1940, defendant employed many of his employees for workweeks longer than 42 hours and failed to pay them for overtime; that during the period beginning October 24, 1940, and repeatedly thereafter defendant employed many of his aforesaid employees for workweeks longer than 40 hours and failed to pay them for overtime.

The petition further alleges that during the period beginning on or about October 24, 1938, and repeatedly thereafter, the defendant has sold, shipped, delivered, transported, and offered for transportation in interstate commerce goods so produced in violation of the Act; that during the period beginning on or about October 24, 1938, and repeatedly thereafter, defendant has failed and refused to make, keep, and preserve, as prescribed by the regulations, adequate records of the persons employed by him and of the wages and hours and other conditions and practices of employment maintained by him.

It will be noticed that following the violations specifically alleged there is an allegation that violations occurred "repeatedly thereafter." The defendant takes the position that the word "repeatedly" does not mean the same as "continuously." They argue that a "repeated" violation may be one which has ceased for a substantial period of time prior to the institution of the proceeding, whereas a "continued" violation would charge violations up to the time of the filing of the petition.

I recognize the distinction between the two words. I rule that there is nothing in the word "repeatedly" which connotes that he has ceased violations of the Act.

Defendant's motion to dismiss is denied.