### KEYER v. HOPE ESTATES, Inc., et al.

District Court, S. D. New York.

Jan. 28, 1943.

Minna F. Kassner, of New York City (Charles R. Katz, of New York City, of counsel), for plaintiff.

Middlebrook & Sincerbeaux, of New York City (Robert S. Tyson, of New York City, of counsel), for defendant Adams & Co. Real Estate, Inc.

MANDELBAUM, District Judge.

The defendant, Adams & Co. Real Estate Inc. moves to dismiss the complaint as failing to state a valid claim against it, or in the alternative, to strike that portion of the complaint which alleges that the action is a class action brought on behalf of others similarly situated and for a bill of particulars.

#### The Motion to Dismiss

Plaintiff seeks overtime compensation, statutory liquidated damages and counsel fees based on Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), as a building service employee in premises located in this City. He also seeks awards for eleven named employees, alleged to be similarly situated.

The defendant urges as a ground for dismissal that it was only the managing agent for other defendants, and consequently cannot be held liable for wages alleged to be due by its principals to their employees; that the Fair Labor Standards Act of 1938 did not intend to operate in that manner.

On a motion of this nature, the allegations of the complaint must be taken as true. Throughout the complaint, plaintiff and his fellow employees are referred to as employees of all the defendants. Specifically, Paragraph VI thereof refers to the moving defendant as the managing agent of the other defendants in the operation of the building in question, and that it "has and exercised control and supervision of the building maintenance and operating employees in the performance of their duties" and the defendant, Adams, "has acted at all times and is acting in the

interest of (all the other named) defendants in relation to such employees".

In view of the allegations of joint employment by all the defendants of the plaintiff, I am deciding that the complaint is sufficient. A trial may develop a different situation. But that is not before the court. The motion to dismiss is denied.

### The Motion to Strike

■ I believe the allegations with respect to the other eleven employees should be stricken. While it is true that Section 16(b) of the Act authorizes a representative action in behalf of all employees similarly situated, the complaint (Paragraph I) contains a general allegation regarding eleven named employees alleged to be similarly situated as the plaintiff. I think that is insufficient. Plaintiff is given leave to amend the complaint, within 10 days after entry of an order, with respect to the other named employees so as to state a valid claim for relief as to each.

### The Motion for a Bill of Particulars

■ The defendant's motion for a bill of particulars is denied in toto (the request for items d and e were withdrawn). The complaint is sufficiently complete to permit the defendant Adams to prepare a responsive pleading.

Settle order in accordance with this opinion, on two days' notice.