**WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. HALLIBURTON OIL WELL CEMENTING CO.**

No. 2912.

District Court, S. D. California, Central Division.

Sept. 29, 1944.

Douglas B. Maggs, Archibald Cox, Irving J. Levy, and David S. Polier, all of Washington, D. C., Dorothy M. Williams, of San Francisco, and Perry Bertram, of Los Angeles, Cal., for plaintiff.

Ben F. Saye, of Duncan, Okl., and Newlin & Ashburn, by Paul Sandmeyer, all of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

On May 10, 1943, plaintiff filed his complaint seeking to enjoin the defendant from violating the provisions of Sections 7(a) and 11(c) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, hereinafter called the Act.

Section 7(a) of the Act requires that employees engaged in interstate commerce or in the production of goods for interstate commerce be compensated at rates not less than one and one-half times the regular rates at which they are employed for all hours worked in excess of 44 per week during the first year after October 24, 1938, in excess of 42 per week during the next succeeding year and in excess of 40 per week thereafter.

■ The complaint alleges that defendant is engaged in the business of contracting to drill and in drilling oil wells. The complaint further alleges that defendant's employees are engaged in the production of oil and in processes or occupations necessary to such production and that substantial quantities of the oil produced by defendant's employees have been, and are being, produced for interstate commerce and have been, and are being, shipped in interstate commerce. The complaint further alleges that during the period beginning October 24, 1939, and repeatedly thereafter, defendant employed many of its said employees for hours in excess of the maximum number of hours specified in section 7 of the Act without compensating them for such excess hours at one and one-half times the regular rates at which they are employed, as required by that section. It is further alleged that defendant failed to keep adequate and accurate records of the wages and hours of its employees, as required by section 11(c) of the Act and by Regulations, Part 516, issued by the Administrator pursuant to section 11(c).

There was no evidence to sustain the allegation that the defendant failed to keep adequate and accurate records of the wages and hours of its employees.

The attack on the sufficiency of the complaint in failing to state a cause of action cannot be sustained. Swift & Co. v. United States, 1905, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518; Fleming v. Wood-Fruitticher Grocery Co., D.C.N.D.Ala. 1941, 37 F.Supp. 947; Fleming v. Smoot Sand & Gravel Corp., D.C.D.C. 1941, 41 F.Supp. 330; Fleming v. Whittemore, D.C.W.D. Ky. 1941, 41 F.Supp. 767; Fleming v. Mason & Dixon Lines, D.C.E.D.Tenn. 1941, 42 F.Supp. 230 and Snyder v. Gurnsey, D.C. N.H. 1942, 43 F.Supp. 204; Walling v. Alabama Pipe Co., D.C.W.D.Mo. 1942, 3 F.R.D. 159.

This action is exclusively a suit for injunction, expressly authorized by Section 17 of the Act. It is not a suit for damages nor an action to recover unpaid wages. There is no issue as to the particular amounts by which specific employees were underpaid.

The defendant denied generally and specifically the allegations of the complaint alleging violations of the provisions of the Fair Labor Standards Act.

■ The action pertains to the "field operators and other employees carried on defendant's 'contract payroll'" during the period subsequent to July 1st, 1942. These employees are those employed in connection with defendant's oil well servicing and consist of cementers, testers, electric survey operators, cement equipment drivers, bulk cement drivers, electric survey drivers and field mechanics. During the period involved written contracts of employment existed between defendant and the respective employees containing (except for designation of occupation, hourly rate and amount of weekly guarantee) the following provision:

"Employer agrees to employ employee as a Cementer and to pay employee for his services a regular basic rate of 59 cents per hour for the first (40) hours of any workweek, and not less than one and one-half times such basic hourly rate of pay for all time over (40) hours in any workweek, with a guarantee that employee shall receive for regular time and for such overtime as the necessities of the business may demand a sum not less than $63.46 for each workweek."

The regular basic hourly rate and the amount of weekly guarantee varied among the different types of employees. However, the hourly rate specified in each

contract exceeded the minimum hourly rate specified in Section 6 of the Fair Labor Standards Act. Checks for compensation of all employees in all of the states where defendant does business are issued out of the Home Office at Duncan, Oklahoma, and until January, 1944, for convenience, all employees were paid semi-monthly. Since January 15th, 1944, all employees on the "contract payroll" have been paid biweekly. The plaintiff does not contend that any coercion, duress or undue influence attended the execution of the contracts by the employees. In this action contracts were both written and oral. There is no objection to an oral contract between an employer and employee, provided the employee is familiar with the terms of employment and continues to render service. Shepler v. Crucible Fuel Co., 3 Cir., 1944, 140 F.2d 371. The evidence in this action clearly establishes that in numerous instances the corporation, by its method of computation, paid rates in excess of those required by the Fair Labor Standards Act and, in a few instances, less. However, these were corrected.

The granting of an injunction is a drastic action, and the court should not grant such orders unless it is clear that the violations of the Act are such as to clearly justify the order. Minor violations of the Act would not justify such drastic measures. Ample authority is readily found which leaves the matter to the sound discretion of the court. In considering the matter, the courts carefully consider whether or not the alleged violations have ceased and that there is reasonable ground to believe they will not occur in future. The court so finds in this case.

A careful examination of the contract between the defendant and its employees brings this action within the ruling of the Supreme Court of the United States in Re Walling v. A. H. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

The working hours and conditions established by the evidence in this action are rather unusual. It is necessary for the defendant to employ a large number of men to service oil wells. The evidence showed that many of the employees would be called to render service when wells were being brought in and would wait for many hours and sometimes for several days without performing any service, but were compensated for the waiting time. This, of course, was proper since the employees were ready,

willing and able to render the service and were available when the work was required. The evidence showed that no employee was paid less than 40 cents per hour and was guaranteed not less than $42.69 per week with a maximum rate of 62 cents per hour, or a possible maximum equivalent of $285.00 per month, and a minimum of $185 per month, under the terms of the contract between defendant and its employees.

An injunction will be denied for the reason that the court finds no violation of any provisions of Sec. 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act. The defendant will prepare findings of fact and conclusions of law in conformity to this opinion, serve and file the same within twenty days after the date hereof.