## ORTON et al. v. BASIC MAGNESIUM, Inc

### No. 409.

District Court, D. Nevada.

Nov. 28, 1945.

Harold O. Taber, of Reno, Nev., for plaintiffs.

Thatcher, Woodburn and Forman, of Reno, Nev., for defendant.

FOLEY, District Judge.

That portion of defendant's motion asking for the dismissal of the action is denied.

That part of the motion requesting a more definite statement of the matters stated in plaintiffs' complaint is granted to the extent hereinafter indicated and the orders hereinafter made are suggested by Fleming v. Smoot Sand & Gravel Corporation, D. C., 41 F.Supp. 330 and Abram v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969.

It is ordered that the named plaintiffs furnish defendant within 30 days from the date of mailing to their attorney, Harold O. Taber, Esq., Reno, Nevada, by the clerk of copy of this decision, a bill of particulars stating:

1. Such information within the knowledge of any of the plaintiffs as will enable the defendant, by proper and diligent investigation, to ascertain the dates of each particular work week which plaintiffs contend the alleged employees referred to in Paragraphs V, VI, VII, VIII, IX, X, XI, XII and XIII of the complaint were employed in excess of the maximum hours prescribed by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., without payment of overtime compensation and the number of hours in each particular work week during which it is claimed said person or persons worked.

2. The names of the employees referred to in Paragraph XIII of the complaint.

3. Such information within the knowledge of any of the plaintiffs as will enable the defendant, by proper and diligent investigation, to ascertain the exact nature of each business activity of defendant referred to in Paragraph III of the complaint, the extent thereof with relation to each of the other activities, the relationship of each activity to the other and the exact period of time during which it is contended defendant was engaged in each of such activities.

4. Such information within the knowledge of any of the plaintiffs as will enable the defendant, by proper and diligent investigation, to ascertain whether the named plaintiffs were engaged in construction, or maintenance or repair of the factory mentioned in Paragraphs III and IV of plaintiffs' complaint; and if employed in more than one of such activities, the time which each employee was employed in construction, or maintenance or repair of the factory mentioned therein.

5. Such information within the knowledge of any of the plaintiffs as will enable the defendant, by proper and diligent investigation, to ascertain the nature of the work which the named plaintiffs were required to perform for the defendant.

The action will be dismissed as to the unnamed plaintiffs, namely, those referred to in the caption of the complaint "other employees of Basic Magnesium, Incorporated, similarly situated" unless they intervene in this action or designate some one in writing as their legal representative for the purposes of this action within 30 days from the date this decision is filed.

Any unnamed plaintiff so intervening or designating shall furnish to the defendant all and the same information hereby required of the named plaintiffs.

370

At the proper time the Court will rule that all claims for recovery for periods preceding three years next before the commencement of this action will be dismissed.