WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v.
CORY et al.
No. 271.

District Court, D. Maine, N. D.
Jan. 24, 1946.

William S. Tyson, Acting Sol., of Washington, D. C., Jeter S. Ray, Asst. Sol., of Nashville, Tenn., and George H. Foley, Regional Atty., and Harry A. Tuell, Atty., U. S. Dept. of Labor, both of Boston, Mass., for plaintiff.

William J. Hession, of Herrick, Smith, Donald, Farley & Ketchum, all of Boston, Mass., for defendants.

PETERS, District Judge.

The plaintiff brings this action to enjoin the defendants from violating Sections 7, 15(a) (1), 15(a) (2), and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S. C.A. §§ 207, 215(a) (1, 2, 5), and in Paragraph V of the complaint alleges that "defendants have violated and are violating the provisions of * * * the Act by employing many of their employees in the production of goods for interstate commerce * * * for weeks longer than 40 hours * * *" without compensating them for overtime as required.

The defendants have filed a motion for a bill of particulars asking that the plaintiff state in reasonable detail the specific acts of the defendants which are alleged to be in violation of Sections 7 and 15(a) (2), and more particularly that the plaintiff be required "to state the particular dates of work-weeks that the employees were so employed, together with the names of the employees and the nature and kind of work they were doing in which they were required to work more than the maximum hours without compensation at rates not less than one and one-half times the regular rate at which they were employed."

The plaintiff objects that the details mentioned are matters of evidence only; that they are peculiarly within the defendants' own knowledge—as is the matter of coverage under the Act—and that if the defendants claim the benefit of exemptions from any provisions of the Act it is their duty to set them up in defense and support them by proof.

The plaintiff bases its position on Schmidtke v. Conesa, 1 Cir., 141 F.2d 634, 635, which is now the law in this Circuit, and in which the Court said, referring to this Act:

"Since the Act is in its nature remedial, its exemptions are to be strictly construed and one claiming their benefit must bring his case within both their letter and spirit. Bowie v. Gonzalez, 1 Cir., 117 F.2d 11, 16. From this and also according to ordinary principles of pleading it follows that a plaintiff, in order to state a cause of action under the Act, is not required to allege that its exemptions are inapplicable. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827. Exemption is a matter which must be alleged as a special defense under Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and this the defendant did not even attempt to do."

In Stratton et al. v. Farmers Produce Co., Inc. [134 F.2d 827], cited above, the Court phrased the principle this way:

"A complaint, seeking to recover under the wage and hours provision of the Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action."

I do not question that the defendant, in a case like this, must set up by way of affirmative defense any exemptions which he believes are applicable and the benefit of which he wishes to claim. I am more concerned with the applicability of the rule, as the pleadings now stand. The plaintiff alleges in the complaint that the

defendants have some 235 employees in their fish-packing business and that, as to "many of them," the law has been violated many times. It is apparent from the nature of the business involved that many of the employees must be exempt from the provisions of the Act; and, in fact, it was so admitted in argument. The obligation is on the defendants to set up any exemptions they claim; but first there must be something that is subject to exemption. It is not alleged that there have been violations as to all employees, and as the matter stands the defendants cannot possibly tell whether the exemptions provided by law are applicable, or to what extent. It is not reasonable to ask them to shoot in the dark. Under the new Rules a lawsuit is no longer a sporting event. It is supposed to be a proceeding adapted to develop truth and facts. It is assumed that the defendants will set up their exemptions in their answer when they know whether and to what extent they exist and are applicable. To do that they must have the names of the employees who are referred to in the complaint, and I see no reason why, in fairness and in the interest of expediting the purpose of the action, the plaintiff should not show his hand in that respect. Perhaps the information desired by the defendants could be obtained under some other provisions of the rules, as pointed out in Walling, Adm'r, v. Bay State Dredging & Contracting Co., D.C., 3 F.R.D. 241, but I see no reason for taking such a circuitous course here. I am of the opinion that the plaintiff should disclose the information in his possession, at least so far as to give the names of the employees he claims to be involved. This is not requiring the plaintiff to allege the exemptions that are applicable. It simply gives the defendants the opportunity to find out what exemptions are applicable and to allege them as a special defense under Rule 8(c). Other details mentioned, like the nature of the work being done and the time employed and the rates of pay, are all matters which would seem to be within the knowledge of the defendants after they are furnished the names of the employees.

I have already indicated that in my opinion the defendants are not entitled to information concerning the alleged character of their own books.

The plaintiff should file a bill of particulars accordingly.