**WRIGHT et al. (LUETTICH et al., Interveners) v. UNITED STATES RUBBER CO., and four other cases.**

Civil Actions Nos. 548, 568, 571, 575, 576.

District Court, S. D. Iowa,
Central Division.

Sept. 27, 1946.

Walter F. Maley, J. R. McManus, and M. H. Johnson, all of Des Moines, Iowa, for plaintiffs.

Clyde B. Charlton, L. A. Parker, Thomas B. Roberts and James W. Brammer (all of Brammer, Brody, Charlton & Parker), all of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

These suits are similar in their nature and were instituted by former employees of the defendant corporation seeking to recover under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The actions came on for hearing on motions filed by the defendant to dismiss claims or portions of claims of parties who have intervened in the above entitled actions, on the ground that they are barred by the applicable statute of limitations. The motions being similar the suits were consolidated for the hearing on the motions and were argued in open court at Des Moines, Iowa, on the 6th day of September, 1946.

The first of the cases was filed on Nov. 30, 1945, and the other cases were filed between the dates of Dec. 29, 1945, and Jan. 4, 1946.

The plaintiffs in each of the cases were former salaried employees of the defendant and the suits were instituted by the plaintiffs in each case, not only for and on behalf of themselves, but also—"for and on behalf of all other employees of the defendant similarly situated."

Section 16 of the Act, Title 29 U.S.C.A. § 216, provides:

"Action to recover such liability may be maintained * * * by any one or more employees for * * * themselves and other employees similarly situated * * *."

On Feb. 16, 1946, the defendant filed motions in each and all of the suits. On March 6, 1946, the court sustained part of the motions and ordered that all persons desiring to assert claims therein as employees "similarly situated" intervene within a period of 30 days or be barred from participating as parties in the suit, and that each claimant and intervenor set out by a separate statement the time and nature of their respective employments.

These motions of Feb. 16, 1946, except in Civil Action No. 548, which was the first suit instituted, asserted that the employees designated or referred to in the actions subsequent to No. 548, were included in that action under the designation of employees similarly situated and hence all the actions subsequent to No. 548 should be dismissed as being surplusage.

In overruling this portion of the motion the court made the following statement:

"This motion No. 1 * * * is not well taken and should be overruled for the reason that said prior action is not a true class suit but is merely a unique representative action permitted by Section 16(b) of the Fair Labor Standards Act, which sec-

tion provides for permissive joinder of claims of other employees similarly situated."

The claims that the plaintiffs and those that have so far intervened in the case were similarly situated arises from their allegations that they were employed by the defendant company as officers of that company on a salary. And each of the plaintiffs and intervenors claim that as such officers they performed work similar to that engaged in by the men under them and thus came within the provisions of the Fair Labor Standards Act.

It is apparent therefore that while the claims of the plaintiffs and intervenors are similar in certain respects and enough in my opinion to bring them within the provisions of the Act as being employees similarly situated, Distelhorst v. Day & Zimmerman, D.C., 58 F. Supp. 334; still they are separate and individual cases as to each employee, and it will be necessary for the cases to be tried separately to determine whether or not the employment of that particular person brings him within the provisions of the Act.

At the time of the commencement of these actions there was in force and effect in the State of Iowa a statute of limitations providing, among other things, as follows:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"9. Those founded on claims for wages or for a liability or penalty for failure to pay wages, within two years. Any present existing causes of action must be commenced in any court of competent jurisdiction within six (6) months after the effective date of this act." Section 11007, Code of Iowa, 1939, as amended by Laws 1945, Chapter 222, approved March 29, 1945, effective July 4, 1945. Code of Iowa, 1946, § 614.1.

Defendant's motions here being considered seek summary judgments or complete dismissal of the claims of 57 intervenors whose employments by the defendant were terminated prior to July 4, 1945, and for dismissal of that portion of the claims of each of 85 other intervenors which is predicated on overtime allegedly worked prior to July 4, 1945.

All of the above entitled actions were instituted on or prior to January 4, 1946, or within six months after the date the statute became effective.

Assuming that under the facts set forth in defendant's affidavit, portions of those claims of the intervenors whose employment continued after July 4, 1945, had accrued on or prior to July 4, 1945, then we have but the one question for determination here and that is whether the interventions date back to the filing of the original petitions. If they do, the statute would not be a bar as the original suits were filed within the six months as required by the statute. If they do not, the statute says they were barred, as the petitions of intervention were filed more than six months after the causes of action accrued.

Considerable difficulty has been experienced by the courts in the interpretation of this provision of the Fair Labor Standards Act that actions may be instituted by employees for and on behalf of all other employees similarly situated.

As most of these proceedings concerned separable controversies it was early discovered that the separate claims of each of such employees would have to be set out in the pleadings, and the courts have practically unanimously sustained motions asking that a period of time within which such unknown parties may enter the case be determined, with an order that unless such unknown employees enter their appearance within that period they should be barred from participating in the proceedings as employees similarly situated. Rokey et al. v. Day & Zimmerman,[1] D.C.S.D.Iowa; Keyer v. Hope Estates, Inc., D.C.S.D.N.Y., 53 F.Supp. 1004; Abram v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969; Id., D.C., 49 F.Supp. 393; Orton v. Basic Magnesum, Inc., D.C.Nev., 6 F.R.D. 368; Aiken v. U.S. Rubber Co.,[1] D.C.E.D.Mich.; Yeager v. Libbey-Owens-Ford Glass Co.,[1] D.C. N.D. Ohio, W.D.; Schempf v. Armour & Co., D.C.Minn., 1946, 5 R.F.D. 294; Jumps v. Leverone, 7 Cir., 150 F.2d 876.

---

[1] No opinion for publication.

The defendant asserts that as the claims of the plaintiffs and intervenors are separate and distinct causes of action, and not class suits, the intervention in each case was the commencement of an original suit, and as such intervention was filed after the six months' provision of the statute of limitations, all of the petitions of intervention so filed should be dismissed.

It also contends that the provision in the Fair Labor Standards Act permitting a plaintiff to include all other employees similarly situated, especially where the suits are separate and independent, is unconstitutional, as it might compel the former employees to become parties to a suit against their will and result in a bar of any rights that they may have in the event the plaintiff failed in his suit, and that it compels such other employees to be represented by attorneys other than someone of their choice and these and other rights are lost in thus being included without their permission.

█ If the suits required the inclusion of employees who did not wish to enter their appearance, then a claim that the provision was unconstitutional as against them would have considerable merit; Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; Fink, Sr., v. Oliver Iron Mining Co., D.C.Minn., 1941, 65 F. Supp. 316; but we do not have that situation here as all of the intervenors have come in after choosing their own attorneys and no claim that they have been deprived of any personal rights is urged. We are cautioned to interpret a statute as being constitutional, if it can possibly be so done. 16 C.J.S., Constitutional Law, § 98, p. 234. But aside from this question, these words in the statute should be given a rational interpretation; and the district courts have a wide discretion in shaping up the limits of the suit. Jumps v. Leverone, 7 Cir., 150 F.2d 876, 877.

As I have said above, the facts in this case show that each of the plaintiffs and intervenors has a separate and independent suit, and I think it is apparent that they do not come under the provisions of Rule 23 (a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as "common relief" is not sought. Farmers Co-Op. Oil Co. v. Socony-Vacuum Oil Co., 8 Cir., 133 F.2d 101.

The case of Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851, is apparently very different in its facts, as there is no statement in that case that the claims of the plaintiffs are separate and individual, and it is evident that it is enough of a class suit to bring it within the provisions of the above mentioned Rule 23.

But it does not seem to me that it is necessary for this court to decide the question of whether these proceedings come within the provisions of Rule 23 and Rule 24 of the Federal Rules of Civil Procedure. We are trying to interpret and make effective the statement of the Congress itself that suits may be brought by an employee of the company for himself and all other persons similarly situated.

█ The fiat supersedes the Rules of Civil Procedure and is a statement by the "supreme power of the state" as to who is entitled to be made parties to a suit.

█ Giving the statement its practical import and to escape any charge of its being unconstitutional, it seems to me that its proper interpretation is that it includes and makes parties all those who care to come into the case. It includes all other similarly situated employees who elect to come into the case. It is not all inclusive, but permissive.

█ While it is a general rule that the date of the filing of a petition of intervention is the commencement of a new cause of action, and its filing is treated as of the date of the commencement of the intervening action, yet there is a recognized exception to this rule that, where there is a community of interest or privity of estate, the intervention dates back to the time of the commencement of the main suit. And this is the situation here. Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851; Culver v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29; Michelsen v. Penney, 2 Cir., 135 F.2d 409; Marsh v. United States, 4 Cir., 97 F.2d 327, 330; Rule 15(c), Federal Rules of Civil Procedure.

In the case of Marsh v. United States, supra, Judge Parker made the following statement:

"Where, therefore, a claim is denied and suit is instituted thereon, such suit is in reality for the benefit of all persons interested under the policy, provided they come in and make themselves parties; and in such situation the statute of limitations should apply not to the time of intervention, as in the case of the assertion of an independent claim, but to the time of the institution of suit which has been brought to enforce the liability in which all are interested. This is the rule generally applied in creditors' suits."

And in the Culver case, supra, Judge Healy, speaking for the 9th Circuit in a case brought under the Fair Labor Standards Act, said [146 F.2d 30]:

"These new demands, it was thought, would not relate back to the time of the filing of the original complaint, hence the situation of the 38 was not similar to that of the three named plaintiffs in respect of the calculation of the period of limitations. Because of this supposed lack of similarity in situation the claims of the 38 were excluded from the case.

"We think the ruling was error. The original complaint gave notice that the suit was being maintained not only on behalf of the named complainants, but on behalf of fellow employees similarly situated. The employer, if in doubt who these were, was entitled to move under Rule 12(e) of the Federal Rules, 28 U.S.C.A. following section 723c, for a more specific statement or for a bill of particulars. The provisions of the Act permitting resort to representative suits should be liberally administered by the courts, since encouragement of the practice will redound to the advantage of employer and employee alike through avoidance of a multiplicity of suits."

In that case, it is true, the plaintiffs attempted to get written authorizations to sue, but this was after the main suit was instituted, and I can see no difference from this case and the one at bar. And defendant's claim that the Culver case can be distinguished on account of the attempt to secure assignments of the claim is weakened by the provisions of the Act itself, which provide for the maintaining of such a suit for other employees by a further provision that—"or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." Section 216(b), Title 29 U.S.C.A.

If the Congress intended that it was necessary for the employees to designate an agent before they could be included in the original action, then it could easily have said so and not placed such a right to designate an agent in the alternative.

Defendant seriously contends that as the intervenors had filed a pleading asking permission of the court "to intervene as parties plaintiffs" on the ground that "unless they are permitted to intervene herein they will be compelled to file separate suits," constituted an irrevocable election to reject and not to ratify the acts of the plaintiffs in purporting to bring actions in their behalf.

I am unable to go along with the defendant in this contention. The intervenors had the right given to them by the Congress to intervene, and their request for permission to do so should be interpreted as done in an excess of caution and in recognition of the discretionary authority of the court and the Rules of Civil Procedure rather than as an election or a waiver of a known right.

It is very clear to me that the six months' limitation in the statute of limitations does not apply to these petitions of intervention, as their claims were instituted by the filing of the original suit, and the motions to dismiss and for a summary judgment of dismissal as to a portion of the intervenors' claims is overruled, and defendant excepts.