McCOMB, Administrator of Wage and Hour Division, U. S. Department of Labor, v. HARDY et al.

Civil Action No. 338.

District Court, E. D. Virginia, Alexandria Division.

Feb. 2, 1948.

William S. Tyson, Sol., of Washington, D. C., Beverley R. Worrell, of Birmingham, Ala., George A. Downing, of Atlanta, Ga., and James H. Shelton, of Birmingham, Ala. (James B. Leist, of Richmond, Va., of counsel), for plaintiff.

James H. Simmonds, of Arlington, Va., for defendants.

BRYAN, District Judge.

The Administrator of the Wages and Hours Division sues to enjoin the defendants from further violation of sections 15 (a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 215 (a) (2, 5), and the defendants have seasonably moved for a more definite statement of certain averments of the complaint. The plaintiff opposes the granting of the motion.

The first particularization requested is of the allegation that the defendants since July 1, 1945, repeatedly have violated the Act, and continue so to do, by employing "many of their said employees" for "workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours in said workweeks at rates not less than one and one half times the regular rates at which they were employed." The motion seeks a statement from the plaintiff of the names of the employees so uncompensated. It asks too for the dates of the alleged violations.

In opposing the motion, which is made under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff urges that he has followed the precept of Rule 8(a) and 8 (e) (1), and has made a short, plain and concise statement of his case. He says the defendants, if entitled to the information, must proceed by way of discovery (Part V. of the Rules, §§ 26–37) and that a motion for a bill of particulars or a more definite statement is inappropriate.

The position taken by the plaintiff has authority for its support, but the court is of the opinion that the decisions allowing a bill of particulars or a more definite statement in a case such as this are more persuasive in their reasoning. Discussion of the two lines of precedent, especially under the Fair Labor Standards Act, may be found in Moore's Federal Practice, par. 12.07, note on p. 301 of the cumulative supplement.

Rule 12(e) authorizes the defendant to use the motion "to enable him properly to prepare his responsive pleading or to prepare for trial." We ignore as inapplicable and in the course of repeal the latter clause —"to prepare for trial." The information now sought by the defendant plainly seems indispensable to an intelligent preparation of their answer. Without it the defendants must respond without knowing wherein their method of compensating employees is said to be violative of the statute.

Of course the motion should not lie to procure evidence, but evidence is not requested here. Enlargement of an allegation is all that is asked. The defendants

desire to be told in what have they violated the Act. Compliance with the request should not be difficult. The suit doubtlessly was not filed until the plaintiff was in possession of specific instances, necessarily involving names of apparent violations. The defendants can not admit or deny charges of this nature until they know what employees they are said to have offended.

Unless averments of a complaint can be particularized when necessary, the pleadings will take the form of very general allegations to be traversed by equally general denials—a reversion to the common law plea of the general issue. Presentation of the actual controversy as contemplated by the Rules will be deferred and specific issues never appear from the pleadings. No early study or disposition by the court on the pleadings can be made, but all consideration of the case must await development in its later stages.

Moreover, such general averments do not permit the elimination through the answer of any important factual issues. The defendants can not make the admissions which they might readily be willing to make if they were apprised of specific charges.

■ The court does not agree that the defendants must obtain the desired information through pre-trial conference under Rule 16 or by discovery under Rules 26–37 inc. Such procedure does not allow the actual defenses to be included in the answer. The simplest course is to require the plaintiff at the outset of the case to file a specific statement of his charge. To send the parties as well as the court into a pre-trial conference on the subject, to make necessary an exchange of interrogatories and answers, or to force resort to discovery-depositions, just to ascertain the bases of the complaint, is hardly expedition within the intent of the Rules.

Surely less involved is an immediate and direct motion by the defendant for the particulars he needs.

No undue restriction of the plaintiff follows the granting of such a motion; if so the rule would not have been put in the present or carried into the amended Rules. Discovery too may result in restriction.

The court accepts the reasoning of Fleming v. Southern Kraft Corporation, D.C. S.D.N.Y.1940, 37 F.Supp. 232, 235; Fleming v. Smoot Sand & Gravel Corporation, D.C.D.C.1941, 41 F.Supp. 330; Walling v. West Virginia Pulp & Paper Co., D.C. E.D.S.C.1942, 2 F.R.D. 416; Walling v. Cory, D.C.D.Me.1946, 5 F.R.D. 81; and Bowles v. John F. Casey Co., D.C.W.D.Pa. 1946, 5 F.R.D. 143.

In the instant litigation the court will require the plaintiff to furnish the defendants the names of the employees who he charges have not been adequately compensated. With this data and with the time period fixed in the complaint (since July 1, 1945) the defendants can identify from their records the instances considered violative of the statute.

■■ The second request of the motion is for a detail of the complaint's averment that the defendants' records are not properly kept and in certain respects are "false and fictitious." The form, extent, sufficiency and truthfulness of their records are known to the defendants. They are charged with knowledge of what the law and regulations demand of such records; they know whether the entries are true or false. Therefore they need no information from the plaintiff to answer an attack on the adequacy or accuracy of their records. This part of the motion will be denied.

An order embracing these views will be entered on presentation.